| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Robyn B. Sokol (State Bar No. 159506)<br>LEECH TISHMAN FUSCALDO & LAMPL, INC.<br>200 S. Los Robles Avenue, Suite 300<br>Pasadena, California 91101<br>Telephone: (626) 796-4000; Facsimile: (626) 795-6321<br><br>E-mail: rsokol@leechtishman.com<br><br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Weed Cellars, Inc.<br><br><br>Debtor(s). | CASE NUMBER: 2:21-bk-18868-VZ<br><br>ADVERSARY NUMBER: 2:23-ap-01475-VZ<br><br>CHAPTER: 7 |
|---|---|
| ELISSA D. MILLER, CHAPTER 7 TRUSTEE, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of Weed Cellars, Inc.<br><br>Plaintiff(s),<br><br>vs.<br><br>STEVEN WINICK,<br><br><br>Defendant(s). | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE: 04/23/2024<br>TIME: 11:00 am<br>COURTROOM: 1368<br>ADDRESS: United States Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): Steven Winick

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 11/21/2023

3. The Summons and Complaint were served on Defendant by ☐ personal service ☒ mail service on the following date (*specify date*): 11/22/2023

4. A true and correct copy of the completed return of summons form is attached.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The time for filing an answer or other response expired on (*specify date*): <u>12/20/2023</u>

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

    a. ☐ Has not yet been entered, but is requested

    b. ☒ Was entered on (*specify date*): <u>01/04/2024</u>

8.  **A Status Conference:**

    a. ☐ Is scheduled for (*specify date, time, and place*): _____

    _____

    b. ☒ Was held on (*specify date, time, and place*): <u>February 8, 2024 at 10:30 AM at Crtrm 1368,</u>
    <u>255 E Temple St., Los Angeles, CA 90012.</u>

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a. ☒ Relies on the complaint and attached documents.

    b. ☒ Attaches the following documents to establish a *prima facie* case:

      (1) ☒ Declaration of (*specify*): <u>Elissa D. Miller, Chapter 7 Trustee (attached hereto)</u>

      (2) ☒ Declaration of (*specify*): <u>Robyn B. Sokol (attached hereto)</u>

      (3) ☒ Other (*specify*): <u>Memorandum of Points and Authorities (attached hereto)</u>

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against whom a default judgment is sought by this motion:

    a. ☒ Defendant is not currently in military service.  The facts that support this statement are as follows (*see the court's website for information about how to verify non-military status*):

    Computer searches including a Westlaw search were conducted to ascertain whether the Defendant is currently serving in the military.   No evidence of current military service was ascertained.

    b. ☐ Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C. § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

    c. ☐ I am unable to determine whether or not Defendant is in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12.  Defaulting party is not an infant or incompetent party.

Plaintiff requests that this court enter a default judgment in favor of Plaintiff.   A copy of the proposed default judgment is attached hereto as **Exhibit H**.

Date: _04/01/2024_

Respectfully submitted,

Leech Tishman Fuscaldo & Lampl, Inc.
_____
Printed name of law firm


/s/ *Robyn B. Sokol*
_____
Signature

Robyn B. Sokol
_____
Name of Attorney for Plaintiff or Plaintiff

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ROBYN B. SOKOL – State Bar No. 159506
LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 S. Los Robles, Suite 300
Pasadena, CA 91101
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
Email:    rsokol@leechtishman.com

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-18868-VZ |
| WEED CELLARS, INC., | Adv. Case No. 2:23-ap-01475-VZ |
| Debtor. | Chapter 7 |
| ELISSA D. MILLER, CHAPTER 7 TRUSTEE, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DECLARATIONS OF ELISSA D. MILLER AND ROBYN B. SOKOL IN SUPPORT THEREOF** |
| Plaintiff, | |
| v. | |
| STEVEN WINICK, | |
| Defendant. | Date:    April 23, 2024 |
| | Time: 11:00 a.m. |
| | Place:  United States Bankruptcy Court |
| | Courtroom 1368 |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff, Elissa D. Miller, the duly appointed and acting Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate of Weed Cellars, Inc. ("**Debtor**"), hereby requests a default judgment from the Court ("**Motion**") against Defendant Steven Winick ("**Winick**" or "**Defendant**").

Default was entered against Defendant on January 4, 2024 [Adv. Dkt No. 10], on the

Trustee's *Complaint for (1) Avoidance of Fraudulent Transfers and Recovery for the Estate Pursuant to 11 U.S.C. §§ 544, 550 and Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07; (2) Open Book Account; (3) Account Stated; and (4) Money Had and Received* ("**Complaint**"), a copy of which is attached hereto as **Exhibit A**. This Motion seeks default judgment on each of the claims stated in the Complaint.

Based on the grounds stated herein and on the attached declarations of Elissa D. Miller ("**Miller Declaration**") and Robyn B. Sokol ("**Sokol Decl.**"), the Trustee respectfully requests that the Court enter default judgment against Defendant in the amount of $37,000.

**II.    STATEMENT OF RELEVANT FACTS**

1.      On November 23, 2021 ("**Petition Date**"), the Debtor commenced the above-captioned bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("**Bankruptcy Code**"). Bankr. Dkt. No. 1.

2.      Shortly thereafter, the Trustee was appointed the Chapter 7 Trustee, in which capacity she continues to serve. Miller Declaration.

3.      Plaintiff is the duly appointed and acting Chapter 7 trustee of the Debtor's bankruptcy estate and brings this action solely in her capacity as Trustee.

4.      Defendant Winick is an individual who at all times herein mentioned conducted business in the Central District of California and is believed to reside in Boyton Beach, Florida.

5.      Based on the bank records obtained from Wells Fargo Bank, the Debtor loaned Winick a total of $37,000. Sokol Decl.

6.      During the period from on or about August 12, 2019 through July 7, 2020, the Debtor made a number of loans ("**Loans**") to Winick. Specifically, the Debtor transferred Thirty-Seven Thousand and no/100 Dollars ($37,000.00) of its funds to Winick (the "**Winick Transfers**"). *Id.*

7.      The bank records that were subpoenaed at the request of the Trustee and produced by Wells Fargo Bank, N.A. reflect numerous payments by check to Winick for various services and provided by Winick and reimbursements made to Winick that are described in detail in the memos of each such check. Sokol Decl. In addition, the Wells Fargo Bank, N.A. ("**Wells Fargo**") records

include seven (7) checks and one wire transfer issued by the Debtor from its Wells Fargo Bank account payable to Winick in which the memo states "Loan." These transfers differ from the other checks and wire transfers because these are the only checks and wire transfers that specifically designate the payment as a "Loan."

8.    On the dates, manner, and in the amounts set forth below, the Debtor transferred Thirty-Seven Thousand and no/100 Dollars ($37,000.00) of its funds to Winick with memos stating "Loan" (the "**Winick Transfers**"):

| Date of Transfer | Amount of Transfer | Type of Transfer | Exhibit A[1] |
|---|---|---|---|
| August 12, 2019 | $10,000 | Wire from Debtor to Winick | Ex. 2 |
| August 26, 2019 | $1,500 | Check from Debtor to Winick | Ex. 3 |
| September 27, 2019 | $5,000 | Check from Debtor to Winick | Ex. 4 |
| October 4, 2019 | $5,000 | Check from Debtor to Winick | Ex. 5 |
| October 29, 2019 | $3,000 | Check from Debtor to Winick | Ex. 6 |
| October 30, 2019 | $5,000 | Check from Debtor to Winick | Ex. 7 |
| November 5, 2019 | $1,500 | Check from Debtor to Winick | Ex. 8 |
| July 7, 2020 | $6,000 | Check from Debtor to Winick | Ex. 9 |

9.    Winick has failed to repay the Loans. Sokol Decl.

10.    The Trustee by and through her counsel has made a demand for repayment of the Loans. *Id.*

11.    The Statement of Financial Affairs provides at Part 1 that from January 1, 2019 through December 31, 2019 the Debtor had $0.00 gross revenue and from January 1, 2020 through December 31, 2020 the Debtor had gross revenue (before deductions and exclusions) of $150,000. [Bankr. Dkt. No. 1]. All but one of the Winick Transfers were made in 2019 and one of the Winick Transfers was made on July 7, 2020 in the amount of $6,000.

12.    On the Petition Date, the Debtor had assets which it valued at $643,000 and

---

[1] Attached to **Exhibit A** as Exhibits 2-9 are documents from Wells Fargo Bank evidencing the transfers of the Debtor's property made by the Debtor to Winick. Sokol Decl.

3

liabilities of $1,419,689.55.  *Id.*

13.    The Debtor's tax returns for the year ending 2020 demonstrate that the Debtor had total income of ($745,770) for year ending 2020 and it had a net operating loss of $4,525,614 for year ending 2020. Miller Decl.

14.    The Debtor's tax returns for the year ending 2020 show that in 2019 the Debtor had total income of ($101, 903) and taxable income of ($1,632,186).  Miller Decl.

15.    Based on the Debtor's Schedules, tax returns, and the Wells Fargo Bank Records, the Debtor had creditors before the Winick Transfers and after the Winick Transfers.  Sokol Decl. and Miller Decl.

## III.    DEFAULT JUDGMENT IS APPROPRIATE

### A.    The Standard for Entering Default Judgment.

Default judgments are governed by Fed. R. Civ. P. 55, as incorporated by Fed. R. Bankr. P. 7055.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Local Bankruptcy Rule 7055-1(b)(1) states that:

Form of Motion.  A motion for default judgment must state:

(A) The identity of the party against whom default was entered and the date of entry of default;

(B) Whether the defaulting party is an infant or incompetent person and, if so, whether that person is represented by a general guardian, committee, conservator, or other representative;

(C) Whether the individual defendant in default is currently on active duty in the armed forces of the United States, based upon an appropriate declaration in compliance with the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App.§§ 501-594).  When the individual defendant is the debtor, the party seeking the default may rely upon the debtor's sworn statements contained in a statement of financial affairs, by following the appropriate procedure for requesting judicial notice of that document pursuant to F.R. Evid. 201; and

(D)  That notice of the motion has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

**B.        Default Judgment by the Court. rather than the Clerk, is Appropriate.**

The Trustee's claims, as presented in the Complaint, are claims for the avoidance and recovery of a fraudulent transfer pursuant to 11 U.S.C. §§ 544 and 550 and Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07, open book account, account stated, and money had and received. This Motion seeks default judgment on each of the claims.

Because there are several claims set forth in the Complaint, default judgment is appropriately entered by the Court rather than the clerk.

**C.        Information Regarding the Entry of Default.**

The Trustee filed her Complaint against Defendant on November 21, 2023.  Adv. Dkt No. 1.

On November 22, 2023, the Court issued a *Summons and Notice of Status Conference in Adversary Proceeding* [Adv. Dkt. No. 2] requiring Defendant to file a response to the Complaint by December 22, 2023.  A true and correct copy of the issued Summons is attached hereto as **Exhibit B** and incorporated by this reference.

On November 28, 2023, the *Summons and Notice of Status Conference in Adversary Proceeding* [LBR-7004-1] ("**Summons**"), Complaint, Adversary Cover Sheet, Scheduling Order and [Blank] Joint Status Report Form 7016.1 were served on the Defendant.  *See* Adv. Dkt. No. 3.

No responsive pleadings were served or filed by Defendant.  *Declaration of Robyn B. Sokol in Support of Request for Default Against Defendant Steven Winick*, Adv. Dkt. No. 7.

On January 4, 2024, a default was entered against Defendant.  Adv. Dkt. No. 10, **Exhibit C**.

**D.        The Trustee Served the Motion on Defendant**

A copy of this Motion was served on the Defendant by April 2, 2024 pursuant to Fed. R. Civ. P. 55(b)(1)(D).  Sokol Decl.

## IV.    JUDGMENT IN FAVOR OF THE TRUSTEE IS APPROPRIATE ON EACH ONE OF THE CLAIMS

Through the Complaint, the Trustee seeks to recover for the benefit of the Estate funds transferred from the Debtor to Defendant in the total amount of $37,000 under four separate claims for relief. A judgment on each one of these four claims for relief is appropriate.

### A.    First Claim for Relief - Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 544 and 550 and Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07

The First Claim for relief seeks to avoid the Winick Transfers made in the total amount of Thirty-Seven Thousand and no/100 Dollars ($37,000.00). The Winick Transfers were made within four years of the Petition Date as set forth above and evidenced by Exhibits 2-9 attached to **Exhibit A**. *See* Sokol Decl. The Debtor received no consideration from Defendant for the Winick Transfers. Winick did not provide any services in exchange for the Winick Transfers and the Winick Transfers were not reimbursements for expenses incurred by Winick for the benefit of the Debtor. Rather each one of the Winick Transfers was designated as a "Loan." The Debtor received less than reasonably equivalent value in exchange for the Winick Transfers. The Winick Transfers were loans. Sokol Decl. and Exhibits 2-9 attached to **Exhibit A**.

At the time of the transfers, the Debtor (i) was insolvent, or became insolvent as a result of the transfer, (ii) was engaged or was about to be engaged in a business or transaction for which the Debtor's remaining property was an unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured. The preponderance standard means that the trustee must persuade the bankruptcy court that the proposition sought to be proven—that the debtor was insolvent on the date of the transfer—"is more likely true than not." *Arrow Electronics Inc. v. Justus (In re Kaypro)*, 230 B.R. 400, 412 (BAP 9th Cir. 1999), aff'd. in part, rev'd., in part, and remanded (on other grounds) 218 F.3d 1070 (9th Cir. 2000). Based upon the books and records provided by the Debtor and the bank statements obtained by the Trustee, it appears that when the Winick Transfers were made from on or about August 12, 2019 through July 7, 2020 the Debtor was insolvent or became insolvent as a result of the Transfers.

Miller Declaration.  The funds for the Winick Transfer came not from the Debtor's operations but from investors.  Moreover, the Statement of Financial Affairs ("**SOFA**") provides at Part 1 that from 1/01/2019 through 12/31/2019 the Debtor has $0.00 gross revenue and from 1/01/2020 through 12/31/2020 the Debtor had gross revenue (before deductions and exclusions) of $150,000.  Bankr. Dkt. 1 and Miller Decl.  Thus, based on the SOFA, at the time each of the Winick Transfers was made, the Debtor was insolvent, or became insolvent as a result of the Winick Transfers.  Attached hereto as **Exhibit D** and incorporated herein by this reference are copies of the Petition, Schedules and SOFA filed by the Debtor [Bankr. Dkt. 1].  On the Petition Date, the Debtor had assets which it valued at $643,000 and liabilities of $1,419,689.55.  *See* **Exhibit D**.

The Transfers are avoidable, and should be avoided, as a constructively fraudulent pursuant to Sections 544 and 550(a) of the Bankruptcy Code and Cal. Civ. Code §§ 3439.04, 3439.05, and 3439.07.  Cal. Civ. Code § 3439.04 (a)(2) provides in its pertinent part that:

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:
> …
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (A)    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Cal. Civ. Code § 3439.04.  Cal. Civ. Code § 3439.05 provides in its pertinent part that:

> (a) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

Cal. Civ. Code § 3439.05.

Section 550(a) provides in its pertinent part that:

> [t]o the extent that a transfer is avoided under section …544…, the trustee may

recover, for the benefit of the estate, the property transferred, or, ... the value of such property, from –

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

Or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). The first party to receive the property transferred is the "initial transferee." *See In re Bay Plastics, Inc.*, 187 B.R. 315, 325, fn. 16 (Bankr. C.D. 1995). In this case the Winick is the "initial transferee." Thus, pursuant to Section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from the Defendant the value of the property transferred by the Winick Transfers, plus interest thereon at the maximum legal rate from and after the date of the Transfer in the amount of $37,000 plus accrued interest.

**B.      Second Claim For Relief - Open Book Account Against Defendant Winick**

Winick became indebted to the Debtor on an open book account for money due from Winick in the amount of $37,000. Said sums have not been repaid by Winick to the Debtor, although demand therefore was made by the Trustee by and through her counsel, and there is now due, owing, and unpaid from Winick to Plaintiff on behalf of the Debtor's estate $37,000 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count. *See* Sokol Decl. and Miller Decl.

Under California law, there is a three-part statutory test for a book account: (1) the existence of the principal record of one or more transactions between the creditor and debtor, (2) entries in the record that were made in the creditor's regular course of business, and (3) the record was kept in a reasonably permanent form and manner. Cal. Civ. Proc. Code § 337a. Under California law, a book account is created by the agreement or conduct of the parties in a commercial transaction. *Id.*

"A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Kawasho Int'l, U.S.A. v. Lakewood Pipe Serv.*, 152 Cal.App.3d 785, 793, 201 Cal.Rptr. 640 (1983). An "open book account" and "money lent" are common counts. *Earl's Mail Serv. v. Toone, 2008 Cal.App. Unpub.* LEXIS 6427 *13-*14 (2008).

1

2      As noted by the court in *Etchegaray Farms, LLC v. Lehr Bros., Inc.*:

> "A book account is created by the agreement or conduct of the parties in a
> commercial transaction." *H. Russell Taylor*, 99 Cal. App .3d at 728, 160 Cal. Rptr.
> 411; *see Maggio*, 196 Cal. App. 3d at 752, 241 Cal. Rptr. 883. "Parties to a written or
> oral contract may ... provide that monies due under such contract be the subject of an
> account between them." H. Russell Taylor, 99 Cal.App.3d at 728, 160 Cal.Rptr. 411.

*Etchegaray Farms, LLC v. Lehr Bros., Inc.*, 326 F. Supp. 3d 987, 994 (E.D. Cal. 2018).  Here, the

Debtor loaned Winick $37,000 as evidenced in the memos contained in the checks and the wire

transfer.  *See* **Exhibit A, Ex. 2-9.**

Pursuant to California Civil Code § 1717.5:

> [r]easonable attorneys' fees awarded pursuant to this section for the prevailing party
> bringing the action on the book account shall be fixed by the court in an amount that
> shall not exceed the lesser of: (1) nine hundred sixty dollars ($960) for book accounts
> based upon an obligation owing by a natural person for goods, moneys, or services
> which were primarily for personal, family, or household purposes; and one thousand
> two hundred dollars ($1,200) for all other book accounts to which this section applies;
> or (2) 25 percent of the principal obligation owing under the contract.

Based thereon, it is submitted that reasonable attorneys' fees in the amount of $1,200 should be

added to the relief requested herein.

**C.      Third Claim For Relief - Account Stated**

An account stated is an agreement between the parties, based on prior transactions between

them establishing a debtor-creditor relationship, that a particular amount is due and owing from the

debtor to the creditor. The agreement may be oral, in writing, or implied from the parties' words

and conduct.  *Judicial Council of California Civil Jury Instructions*, CACI No. 373, Common

Count: Account Stated (2023 edition), *Leighton v. Forster* (2017) 8 Cal.App.5th 467, 491 [213 Cal.

Rptr. 3d 899].)  "The essential elements of an account stated are: (1) previous transactions between

the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties,

express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor,

express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, (1969) 271 Cal. App. 2d

597, 600 [76 Cal. Rptr. 663], internal citations omitted.  The agreement of the parties necessary to

establish an account stated need not be express and often is implied by the circumstances. *Id., see*

*also Maggio, Inc. v. Neal,* (1987) 196 Cal.App.3d 745, 752-753 [241 Cal. Rptr. 883].

The only essential elements of a common count are (1) the statement of indebtedness in a certain sum, (2) the consideration, and (3) nonpayment. *Farmers Ins. Exchange v. Zerin*, (1997) 53 Cal. App .4th 445, 460 [61 Cal.Rptr.2d 707]. These essential factors are met in this case – the Debtor loaned $37,000 to Defendant and the Debtor in turn was to receive repayment of the $37,000 but Defendant despite demand for the repayment of the $37,000 refused to return the $37,000 to the Debtor. Sokol Decl. The memos contained in the checks and wire transfers constitute a written agreement in which a sum certain consideration of $37,000 was provided to the Defendant and by accepting the funds with the notation of "loan" a statement of indebtedness exists. *See* Sokol Decl., **Exhibit A**, Exs. 2-9. These loans were not paid back. Sokol Decl.

An account was stated by and between the Debtor and Defendant where it was agreed that Defendant was indebted to the Debtor in the principal sum of $37,000. Said sums have not been paid by Defendant to the Debtor, although demand therefore has been made, and there is now due, owing, and unpaid from Defendant to Plaintiff on behalf of the Debtor's estate $37,000 together with interest thereon at the legal rate from the date of each of the Winick Transfers through and including satisfaction of the awarded judgment.

**D.      Fourth Claim For Relief - Money Had and Received**

Under California law, to state a common count for money lent, the plaintiff need only allege that the defendant is indebted in a certain sum for money loaned by the plaintiff and that the defendant has not repaid the money. A cause of action for money had and received is viable if a party has received money which belongs to another, and which in equity and good conscience should be paid over to the latter. *Avidor v. Sutter's Place, Inc.,* (2013) 212 Cal. App. 4th 1439, 1454 [151 Cal. Rptr. 3d 804]. The law implies the promise from the receipt of the money to prevent unjust enrichment. The measure of the liability is the amount of money received. *Rotea v. Izuel,* (1939) 14 Cal.2d 605, 611 [95 P.2d 927]. From August 12, 2019 through July 7, 2020, Winick received the sum of $37,000.00 from the Debtor in the form of the Loans as noted in the check memos and wire memo. *See* Sokol Decl., **Exhibit A**, Ex.2-9. Winick received the $37,000 which is property of the Debtor, and it is inequitable to allow Winick to retain said funds. Winick received $37,000 from the Debtor and in equity and good conscience these funds should be returned

10

to the Debtor's estate.

To date, the funds loaned to Defendant have not been paid by Defendant, although demand therefore was made by the Trustee by and through her counsel and there is now due, owing, and unpaid from Defendant to the Plaintiff for the benefit of the Debtor's estate $37,000 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

> As Witkin states in his text, "[a] common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference in such a case that the proof shows the original transaction to be an express contract, a contract implied in fact, or a quasi-contract." A claim for money had and received can be based upon money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract."

*Utility Audit Co., Inc. v. City of Los Angeles* (2003) 112 Cal. App. 4th 950, 958 [5 Cal.Rptr.3d 520] (internal citations omitted).  Here, $37,000 was loaned to Defendant and never paid back.  Equity dictates that the funds be returned or in this case a judgment entered in favor of the Plaintiff for the benefit of the Estate.

## V.    CONCLUSION

Based on the foregoing, the Court record and the attached Miller Declaration and Sokol Decl., the Trustee respectfully request that the Court enter default judgment against the Defendant in the amount of $37,000 together with interest thereon at the legal rate of interest from the date of the Winick Transfers until satisfaction of the judgment and legal fees in accordance with California Civil Code § 1717.5 in the amount of $1,200.

DATED:  April 1, 2024                    LEECH TISHMAN FUSCALDO & LAMPL, INC.


                                         By: /s/ Robyn B. Sokol
                                         Robyn B. Sokol
                                         Counsel for Plaintiff, Elissa D. Miller, Chapter 7
                                         Trustee

11

## <u>DECLARATION OF ELISSA D. MILLER</u>

I, Elissa D. Miller, declare as follows,

1.      I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Weed Cellars, Inc.  I have personal knowledge of the facts contained herein or have gained such knowledge from my review of records I normally maintain as Trustee, and if called as a witness, I could and would competently testify to these facts.

2.      This declaration is made with respect to the "*Motion for Default Judgment"* ("**Motion**").  All initial capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion.

3.      I was appointed the Chapter 7 Trustee for the Debtor's Estate shortly after the Petition Date and I have continued to serve in that capacity.

4.      On December 22, 2021 and January 13, 2022, I conducted the 341(a) Meetings of Creditors and examined the Debtor.  During the December 22, 2021, examination I asked questions of the principal of the Debtor and former Board members.  At the continued 341(a) meeting of creditors which occurred on January 13, 2022, my counsel asked questions of the Debtor.  During these examinations, testimony was provided regarding the Debtor and its business operations.

5.      Prior to and after the 341(a) meetings of creditors I reviewed and analyzed the SOFA, Schedules and Petition filed by the Debtor.

6.      The Debtor also provided me with a copy of its tax returns for 2020.

7.      The Statement of Financial Affairs provides at Part 1 that from January 1, 2019 through December 31, 2019 the Debtor had $0.00 gross revenue and from January 1, 2020 through December 31, 2020 the Debtor had gross revenue (before deductions and exclusions) of $150,000. [Bankr. Dkt. No. 1].

16.    On the Petition Date, the Debtor had assets which it valued at $643,000 and liabilities of $1,419,689.55.  *Id*.

17.    I have reviewed the Debtor's tax returns for the year ending 2020.  The 2020 Tax Returns for the Debtor demonstrate that the Debtor had total income of ($745,770) for year ending 2020 and it had a net operating <u>loss</u> of $4,525,614 for year ending 2020.

12

18.    The Debtor's tax returns for the year ending 2020 show that in 2019 the Debtor had total income of ($101,903) and taxable income of ($1,632,186).

19.    Based upon my review of the Debtor's books and records, the tax returns for 2020 and the bank statements obtained from Wells Fargo Bank, and my review and analysis of proofs of claims filed in the Debtor's bankruptcy case, it appears that: (a) when the Winick Transfers were made on August 12, 2019 through July 7, 2020 the Debtor was insolvent or became insolvent as a result of the Transfers; and (b) the Debtor had creditors before and after each of the Winick Transfers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this  1  day of April  2024 at Los Angeles, California.

Elissa D. Miller

13

## DECLARATION OF ROBYN B. SOKOL

I, Robyn B. Sokol, declare as follows,

1.      I am an attorney in good standing duly authorized to practice before this Court and all the courts of the State of California. I am an attorney with the law firm of Leech Tishman Fuscaldo & Lampl, Inc., counsel for plaintiff, Elissa D. Miller ("**Trustee**"), the duly appointed and acting chapter 7 trustee in the bankruptcy case of Weed Cellars, Inc. ("**Debtor**"). I have personal knowledge of the following facts and if called as a witness I would and could competently so testify.

2.      This declaration is made with respect to and in support of the "*Motion for Default Judgment*" ("**Motion**").  All initial capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3.      At the direction of the Trustee, on or about May 12, 2023, I issued a Subpoena To Produce Documents, Information, or Objects to the custodian of Records of Wells Fargo Bank requesting all banking records for the Debtor.  A true and correct copy of the issued subpoena is attached hereto as **Exhibit E**.

4.      On or about June 14, 2023, I received the subpoenaed documents from Wells Fargo Bank.  Attached hereto as **Exhibit F** is the "Business Records Declaration" received from Wells Fargo Bank authenticating the banking records of the Debtor at Wells Fargo and responding to the Subpoena.  The Business Records Declaration, among other things, summarizes the records produced by Wells Fargo Bank ("**Bank Records**") and the authenticates the Bank Records produced by Wells Fargo Bank.  As evidenced in the Business Records Declaration, Wells Fargo Bank produced the Bank Records including all bank statements for each of the Debtor's Wells Fargo Bank accounts, checks and wire memos among other records.

5.      I reviewed and analyzed the Bank Records produced by Wells Fargo Bank.  As part of my review, I searched the checks and wire transfers issued for the benefit of Winick.[2]  During my review of the Bank Records, I ascertained that Winick worked for the Debtor and was provided

---

[2] All initial capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

14

1  payment for his services and reimbursement for expenses by the Debtor by checks issued by the

2  Debtor.  These checks indicated in the memo portion of the check the services provided by Winick

3  or the specific expense being reimbursed.  As an example, the many payments to Winick made by

4  the Debtor by checks contained the following entries in the memo portion of the checks that I

5  reviewed: "expenses," "consulting fees," "marketing," and "reimbursements."  In addition, the

6  Wells Fargo Bank Records include the following checks and a wire transfer that specifically note in

7  the memo that the advances made to Winick each are a "Loan":

| Date of Transfer | Amount of Transfer | Type of Transfer | Exhibit A[3] |
|---|---|---|---|
| August 12, 2019 | $10,000 | Wire from Debtor to Winick | Ex. 2 |
| August 26, 2019 | $1,500 | Check from Debtor to Winick | Ex. 3 |
| September 27, 2019 | $5,000 | Check from Debtor to Winick | Ex. 4 |
| October 4, 2019 | $5,000 | Check from Debtor to Winick | Ex. 5 |
| October 29, 2019 | $3,000 | Check from Debtor to Winick | Ex. 6 |
| October 30, 2019 | $5,000 | Check from Debtor to Winick | Ex. 7 |
| November 5, 2019 | $1,500 | Check from Debtor to Winick | Ex. 8 |
| July 7, 2020 | $6,000 | Check from Debtor to Winick | Ex. 9 |

17      6.      The Bank Records produced include the checks and wire transfers listed above, the

18  Winick Transfers and which are attached to the Complaint at **Exhibit A** as Exhibits 2-9.

19      7.      On October 16, 2023, I sent a letter to Winick requesting the return of the Winick

20  Transfers in the total amount of $37,000.  A true and correct copy of this letter is attached hereto as

21  **Exhibit G** and incorporated herein by this reference.  This letter was sent by First-Class mail and

22  by email (to three separate addresses).

23  ///

24  ///

25  ///

26  ///

27

28  [3] Attached to **Exhibit A** as Exhibits 2-9 are documents from Wells Fargo Bank evidencing the
transfers of the Debtor's property made by the Debtor to Winick.

15

8.    On October 27, 2023, I spoke with Winick on the telephone regarding the October 16, 2023 letter and the Winick Transfers.  During this conversation, Winick informed me that he would not return or pay back the $37,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 1st day of April 2024 in Los Angeles, California.

Robyn B. Sokol

# Exhibit A

1    ROBYN B. SOKOL – State Bar No. 159506
     LEECH TISHMAN FUSCALDO & LAMPL, INC.
2    200 S. Los Robles, Suite 300
     Pasadena, CA  91101
3    Telephone:  (626) 796-4000
     Facsimile:  (626) 795-6321
4    Email:       rsokol@leechtishman.com

5    Attorneys for Elissa D. Miller, Chapter 7 Trustee

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                       **LOS ANGELES DIVISION**

11

12   In re                                    Case No. 2:21-bk-18868-VZ

13   WEED CELLARS, INC.,                      Adv. Case No.

14          Debtor.

     _____       Chapter 7

15   ELISSA D. MILLER, CHAPTER 7 TRUSTEE,

16          Plaintiff,                        **COMPLAINT FOR:**

17   v.                                       **(1) AVOIDANCE OF FRAUDULENT
                                              TRANSFERS AND RECOVERY FOR
18   STEVEN WINICK, an individual,            THE ESTATE PURSUANT TO 11 U.S.C.
                                              §§ 544, 550 AND CAL. CIV. CODE §§
19          Defendants.                       3439.04, 3439.05, 3439.07;**

20                                            **(2) OPEN BOOK ACCOUNT;**

21                                            **(3) ACCOUNT STATED; AND**

22                                            **(4) MONEY HAD AND RECEIVED**

23

24   _____

25

26   **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY**

27   **JUDGE, AND DEFENDANT:**

28

                                    1

Plaintiff, Elissa D. Miller, the duly appointed and acting Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate of Weed Cellars, Inc. ("**Debtor**"), hereby files this *Complaint for (1) Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 548, 550 and 551; (2) Open Book Account; (3) Account Stated; and (4) Money Had and Received* ("**Complaint**") against Defendant Steven Winick ("**Winick**" or "**Defendant**"), alleging as follows:

## **INTRODUCTION**

1.    On November 23, 2021 ("**Petition Date**"), the Debtor commenced the above-captioned bankruptcy proceeding by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("**Bankruptcy Code**").

2.    This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule(s)**"). Through this complaint, the Trustee seeks to avoid fraudulent transfers of the Debtor's assets from the Debtor to Defendant Winick, an employee of the Debtor, totaling $37,000.00, or in the alternative, recover funds loaned to Winick by the Debtor which were never paid back.

## **JURISDICTION AND VENUE**

3.    This adversary proceeding arises out of the Chapter 7 case entitled *In re Weed Cellars, Inc.*, Case No. 2:21-bk-18868-VZ, filed on November 23, 2021, and currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

4.    This Court has original subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5.    This adversary proceeding is a civil proceeding arising under, arising in, and/or related to the Debtor's case under the Bankruptcy Code. The statutory and legal predicates for this Complaint are Sections 544, 550, and 551 of the Bankruptcy Code, Bankruptcy Rule 7001, and the Local Rules for the United States Bankruptcy Court for the Central District of California.

6.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

7.    The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a

2

final judgment, the Trustee consents to the Court entering a final judgment in this proceeding.

8.      Venue of this adversary proceeding is proper in this judicial district under 28 U.S.C. § 1409(a) because this adversary proceeding is a proceeding arising in or related to a case under the Bankruptcy Code.

**PARTIES**

9.      Plaintiff is the duly and acting Chapter 7 trustee of the Debtor's bankruptcy estate and brings this action solely in her capacity as Trustee.

10.     Defendant Winick is an individual who at all times herein mentioned conducted business in the Central District of California and is believed to reside in Boyton Beach, Florida.

**FACTUAL BACKGROUND**

11.     On November 23, 2021, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. [Bankr. Dkt. No. 1].

12.     Shortly thereafter, the Trustee was appointed the Chapter 7 Trustee, in which capacity she continues to serve.

13.     At all times relevant hereto, Winick worked for the Debtor.

14.     The Trustee is informed and believes based upon her investigation of the financial affairs of the Debtor, that the Debtor made a number of loans to Winick totaling $37,000.00 during the period from August 12, 2019 through July 7, 2020 ("**Loans**").

15.     The bank records that the Trustee subpoenaed from and that were produced by Wells Fargo Bank, N.A. reflect numerous payments by check to Winick for various services provided by Winick that are detailed in the memos of each such check.  The Wells Fargo Bank, N.A. records also include eight (8) checks issued by the Debtor from its Wells Fargo Bank account in which the memo states "Loan." Attached hereto as **Exhibit 1** is a summary of the checks issued to Winick as loans.

16.     Specifically, on the dates, manner, and in the amounts set forth below, the Debtor transferred Thirty-Seven Thousand and no/100 Dollars ($37,000.00) of its funds to Winick (the "**Winick Transfers**"):

3

| Date of Transfer | Amount of Transfer | Type of Transfer | Exhibit[1] |
|---|---|---|---|
| August 12, 2019 | $10,000 | Wire from Debtor to Winick | 2 |
| August 26, 2019 | $1,500 | Check from Debtor to Winick | 3 |
| September 27, 2019 | $5,000 | Check from Debtor to Winick | 4 |
| October 4, 2019 | $5,000 | Check from Debtor to Winick | 5 |
| October 29, 2019 | $3,000 | Check from Debtor to Winick | 6 |
| October 30, 2019 | $5,000 | Check from Debtor to Winick | 7 |
| November 5, 2019 | $1,500 | Check from Debtor to Winick | 8 |
| July 7, 2020 | $6,000 | Check from Debtor to Winick | 9 |

17.    Winick has failed to repay the Loans.

18.    The Trustee has made a demand for repayment of the Loans.

19.    The Statement of Financial Affairs provides at Part 1 that from January 1, 2019 through December 31, 2019 the Debtor had $0.00 gross revenue and from January 1, 2020 through December 31, 2020 the Debtor had gross revenue (before deductions and exclusions) of $150,000. [Bankr. Dkt. No. 1].

20.    On the Petition Date, the Debtor had assets which it valued at $643,000 and liabilities of $1,419,689.55.  *Id.*

21.    The Debtor's tax returns for year ending 2020 demonstrate that the Debtor had total income of ($745,770) for year ending 2020 and it had a net operating loss of $4,525,614 for year ending 2020.  *Id.*

22.    The Debtor's tax returns for year ending 2020 show that in 2019 the Debtor had total income of ($101,903) and taxable income of ($1,632,186).  *Id.*

*///*

*///*

---

[1] Attached hereto as **Exhibits 2-9** are documents evidencing the transfers of the Debtor's property made by the Debtor to Winick.

4

# FIRST CLAIM FOR RELIEF

## (Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant

## to 11 U.S.C. §§ 544, 550 and Civ. Code §§ 3439.04(a)(2), 3439.05, 3439.07)

23.    The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.    Within four years of the Petition Date, on the dates, manner, and in the amounts set forth below, the Debtor transferred Thirty-Seven Thousand and no/100 Dollars ($37,000.00) of its funds to Winick – the Winick Transfers:

| Date of Transfer | Amount of Transfer | Type of Transfer | Exhibit |
|---|---|---|---|
| August 12, 2019 | $10,000 | Wire from Debtor to Winick | 2 |
| August 26, 2019 | $1,500 | Check from Debtor to Winick | 3 |
| September 27, 2019 | $5,000 | Check from Debtor to Winick | 4 |
| October 4, 2019 | $5,000 | Check from Debtor to Winick | 5 |
| October 29, 2019 | $3,000 | Check from Debtor to Winick | 6 |
| October 30, 2019 | $5,000 | Check from Debtor to Winick | 7 |
| November 5, 2019 | $1,500 | Check from Debtor to Winick | 8 |
| July 7, 2020 | $6,000 | Check from Debtor to Winick | 9 |

25.    The Debtor received no consideration from Winick for the Winick Transfers.

26.    The Debtor received less than reasonably equivalent value in exchange for the Winick Transfers.

27.    At the time of the Winick Transfers, the Debtor (i) was engaged or was about to be engaged in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due. *See* ¶¶ 18-22.

28.    The Winick Transfers are avoidable, and should be avoided, as constructively fraudulent pursuant to 11 U.S.C. § 544(b) and Cal. Civil Code §§ 3439.04(a)(1), 3439.05, and

5

3439.07.

29.    Further, pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from Defendant Winick the value of the property transferred by the Winick Transfers, plus interest thereon at the maximum legal rate from and after the date of the Winick Transfers, in a sum according to proof, which Plaintiff believes to be $37,000.00.

## SECOND CLAIM FOR RELIEF

### (Open Book Account)

30.    The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

31.    Winick became indebted to the Debtor on an open book account for money due from Winick in which it was agreed that Winick was indebted to the Debtor in the principal amount of $37,000.00.

32.    Said sum has not been paid back by Winick to the Debtor, although demand therefore was made, and there is now due, owing, and unpaid from Winick to Plaintiff on behalf of the Debtor's estate $37,000.00 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

## THIRD CLAIM FOR RELIEF

### (Account Stated)

33.    The Trustee realleges and incorporates by reference each and every allegation set forth in the paragraphs 1 through 22 of this Complaint as though fully set forth herein.

34.    The Trustee is informed and believes that an account was stated in writing by and between the Debtor and Winick where it was agreed that Winick was indebted to the Debtor in the principal sum of $37,000.00.

35.    Said sums have not been paid by Winick to the Debtor, although demand therefore has been made by the Trustee, and there is now due, owing, and unpaid from Winick to Plaintiff on behalf of the Debtor's estate $37,000.00 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

6

## FOURTH CLAIM FOR RELIEF

### (Money Had and Received)

36.    The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

37.    During the period from August 12, 2019 through July 7, 2020, Winick received the aggregate sum of $37,000.00 from the Debtor in the form of the Loans.

38.    The $37,000.00 was not used for the benefit of the Debtor.

39.    Winick has refused to repay the Loans to the Debtor.

40.    Winick received the $37,000.00 which is property of the Debtor, and it is inequitable to allow Winick to retain said funds.

41.    Winick received $37,000.00 from the Debtor and in equity and good conscience these funds should be returned to the Debtor's estate.

42.    Said sums have not been paid by Winick, although demand therefore was made by the Trustee, and there is now due, owing, and unpaid from Winick to Plaintiff for the benefit of the Debtor's estate $37,000.00 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for a judgment on her Complaint, as follows:

1.    On the First Claim for Relief, avoiding the Transfer of $37,000.00 and recovering said sum for the benefit of the Debtor's estate;

2.    On the Second Claim for Relief, for the principal sum of $37,000.00 and recovering said sum for the benefit of the Debtor's estate;

3.    On the Third Claim for Relief, for the principal sum of $37,000.00 and recovering said sum for the benefit of the Debtor's estate;

4.    On the Fourth Claim for Relief, for the principal sum of $37,000.00 and recovering said sum for the benefit of the Debtor's estate;

5.    For the costs of suit herein;

6.    For reasonable attorney's fees; and

7

7.    For such other and further relief as the Court may deem appropriate.

DATED:  November 21, 2023                LEECH TISHMAN FUSCALDO & LAMPL, INC.


By: /s/ Robyn B. Sokol_____
Robyn B. Sokol
Counsel for Plaintiff, Elissa D. Miller, Chapter 7
Trustee

8

# EXHIBIT 1

8:12 AM

10/04/23

Accrual Basis

**Weed Cellars, INC**

**Transaction Detail By Account**

**January 1, 2019 through November 23, 2021**

| | Type | Date | Num | Name | Split | Debit | Balance |
|---|---|---|---|---|---|---|---|
| **Loan** | | | | | | | |
| **Steve Winick** | | | | | | | |
| | Check | 08/12/2019 | wire | Steven Winick | Wells Fargo - 2232 | 10,000.00 | 10,000.00 |
| | Check | 08/26/2019 | 1147 | Steven Winick | Wells Fargo - 2232 | 1,500.00 | 11,500.00 |
| | Check | 09/27/2019 | 1175 | Steven Winick | Wells Fargo - 2232 | 5,000.00 | 16,500.00 |
| | Check | 10/04/2019 | 1179 | Steven Winick | Wells Fargo - 2232 | 5,000.00 | 21,500.00 |
| | Check | 10/29/2019 | 1222 | Steven Winick | Wells Fargo - 2232 | 3,000.00 | 24,500.00 |
| | Check | 10/30/2019 | 1228 | Steven Winick | Wells Fargo - 2232 | 5,000.00 | 29,500.00 |
| | Check | 11/05/2019 | 1236 | Steven Winick | Wells Fargo - 2232 | 1,500.00 | 31,000.00 |
| | Check | 07/08/2020 | 2293 | Steven Winick | Wells Fargo - 2232 | 6,000.00 | 37,000.00 |
| | Total Steve Winick | | | | | 37,000.00 | 37,000.00 |

Exhibit 1, Page 10
**Exhibit A, Page 26**

# EXHIBIT 2

## Wire Full Transaction Report

| | | | |
|---|---|---|---|
| **Channel Reference Number (SNDR REF NUM):** | 0000799224572885 | **Transaction Type (TYP):** | FTR |
| **Original Channel (SRC):** | FT1 | **Post Date:** | 8/12/2019 1:25:12 PM |
| **Unique Transaction ID:** | 2019081200109886 | **ADV:** | FED |
| **Debit Amount (AMT):** | 10000 | **Credit Amount (AMT):** | 10000 |
| **Debit Currency (CUR):** | USD | **Credit Currency (CUR):** | USD |
| **Debit Account (DBT):** | ████████2232 | **Credit Account (CDT):** | ████9593 |
| **Debit Value Date (DEBIT VAL):** | 8/12/2019 12:00:00 AM | **Credit Value Date (CREDIT VAL):** | 8/12/2019 12:00:00 AM |

**Wire Transaction Bank Details**

| Data Type: | DEBIT ADDRESS | CREDIT ADDRESS | BENEFICIARY |
|---|---|---|---|
| **Bank ID:** | | | |
| **Bank Code:** | 121042882 | 121042882 | |
| **Account ID:** | ██████2232 | ████9593 | ████████5344 |
| **Bank Name:** | WEED CELLARS, INC. | BANK OF AMERICA, NEW YORK, NY | Steve Winick |
| **Address:** | 816 S WOODLAND ST ORANGE, CA 92869 -5229 | 100, 33RD STREET WEST NEW YORK NY 10001 | 11596 Pamplona Blvd Boynton Beach,FL,US |
| **Details:** | | Loan | |

# EXHIBIT 3



REQUEST 00000000008976328    1500.00
20190826 000003040340565+
ACCT ████████2232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 4



REQUEST 00000000008976328    5000.00
20190927 000002247114533+
ACCT ███████████32232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 5





REQUEST 00000000008976328    5000.00
20191004 000002247114771+
ACCT ████████2232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 6



REQUEST 00000000008976328    3000.00
20191029 000002248815871+
ACCT █████████2232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 7



REQUEST 00000000008976328    5000.00
20191030 000001681512653+
ACCT ▓▓▓▓▓▓2232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 8



REQUEST 00000000008976328    1500.00
20191105 000002342900751+
ACCT ████████2232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

# EXHIBIT 9

**WEED CELLARS, INC.**
927 N LA CIENEGA BLVD
LOS ANGELES, CA 90069

2293

16-34/1220 4419

DATE 7/7/20

PAY TO THE ORDER OF  Steve Winick.                           $ 6,000 00

Six thousand dollars.                                    DOLLARS

Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR Loan.

⑆000000 2293⑆ ⑉122000 247⑈        2232⑆

2043408931

ENDORSE HERE

☐ CHECK BOX FOR MOBILE REMOTE DEPOSIT

REQUEST 00000000008976328    6000.00
20200708 000002043408931+
ACCT ▮▮▮▮▮▮▮2232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Elissa D. Miller, Chapter 7 Trustee | Steven Winick |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| ROBYN B SOKOL – State Bar No. 159506<br>LEECH TISHMAN FUSCALDO & LAMPL, INC<br>200 S Los Robles, Suite 300<br>Pasadena, CA 91101<br>Telephone:    (626) 796-4000; Facsimile:    (626) 795-6321<br>Email:    rsokol@leechtishman.com | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>☒ Trustee | □ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) Avoidance of Fraudulent Transfers and Recovery for The Estate Pursuant to 11 U.S.C. §§ 544, 550 and Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07; (2) Open Book Account; (3) Account Stated; and (4) Money Had and Received

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- 2 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 37,000.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  Weeds Cellars,Inc. | BANKRUPTCY CASE NO.<br>  2:21-bk-18868-VZ | |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central District of California | DIVISION OFFICE<br>  Los Angeles | NAME OF JUDGE<br>  Vincent Zurzolo |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>  11/21/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Exhibit B

# ORDER SETTING PROCEDURES FOR
# ADVERSARY PROCEEDING STATUS CONFERENCES

### Hon. Vincent P. Zurzolo
### U.S. Bankruptcy Judge, Central District of California

### Revised June 2023

## A. SERVICE OF SUMMONS: MANNER; TIME FRAME; ANOTHER SUMMONS

1. **Manner**:  A summons must be served in the manner provided in FRBP 7004 for the type of defendant being served.  Service on some parties must be done by certified mail.

2. **Time Frame**:  Pursuant to FRBP 7004(e), a summons must be served no later than seven (7) days after it is issued, unless service is to be made in a foreign country.

3. **Request Another Summons**: If a summons is not timely served, or another summons is required to add a party, the party seeking another summons must do so by filing the LBR form F 7004-1.2.REQUEST.ANOTHER.SUMMONS.  A MS Word version of the form is posted at section 2-21 of The Central Guide:  SUMMONS: Preparation, Submission, Service | Central District of California | United States Bankruptcy Court (uscourts.gov)

## B.  SERVING DOCUMENTS WITH SUMMONS / COMPLAINT; PROOF OF SERVICE

1. **Pre-Status Conference Instructions**: A copy of this "Order Setting Procedures for Adversary Proceeding Status Conferences" must be attached to every copy of the complaint served upon a party, and the affidavit of service must state that this order as well as a copy of the summons and complaint and, if applicable, a copy of the Debtor Assistance Program Notice was served.

## C.  REQUESTS TO EXTEND RESPONSE DEADLINE OR CONTINUE HEARING

1. **Response Deadline**:     A stipulation to extend the response deadline is effective only after the court enters an order approving the stipulation.  A request (motion or stipulation) to extend the deadline to a date within seven (7) days of the status conference will likely be denied unless the status conference is continued to permit the Court adequate time to review filed documents.

2. **Continue a Status Conference**:  A motion or stipulation to continue a hearing will not be granted unless adequate cause is provided.  "Discussing settlement" is not ordinarily adequate cause.  A status conference may be continued to allow a settlement agreement to be executed and filed if the request contains a copy of the settlement or a substantial recitation of its terms and the request is filed at least three (3) court days prior to the status conference date.  Parties must comply with all applicable filing deadlines unless a settlement is timely reached.

## D. DISPUTES ABOUT CORE PROCEEDING, JURISDICTION, FINAL ORDER, OR RIGHT TO JURY TRIAL

Each dispute identified below may be resolved at the status conference.   To raise any such dispute, the party or parties must file and serve a memorandum of points and authorities and evidence in support of their positions no later than fourteen (14) days before the Status Conference.  Any response must be filed and served no later than seven (7) days before the Status Conference.  The failure of any party to timely file and serve documents will be deemed consent to the Court's determination about any such dispute.

Relevant Disputes that must be addressed before the initial status conference are:

1. **Core**:  Is the adversary proceeding is core within the meaning of 28 U.S.C. ' 157(b)?

2. **Jurisdiction**: Does the court have jurisdiction?

3. **Entering a Final Order**:  Does the court have the authority to enter a final order?

4. **Jury Trial**:  Is there a right to a jury trial?


## E. PREPARING FOR THE STATUS CONFERENCE

1. **FRBP 7026(f)(1): Confer 21 Days Prior to Initial Status Conference**.  The date of the initial status conference is the FRBP 7026(f)(1) "scheduling conference";  all parties must confer 21 days or more prior to this date on all matters set forth in FRBP 7026(f)(1).

2. **Determining Whether You Must File a Status Report**:

   **a. YES:**  A status report must be prepared and filed no later than fourteen (14) days before the date set for each status conference if either of the following scenarios occur:

   1. **At Least One Defendant Has Filed a Response:  File a Joint Status Report**. The plaintiff(s) and all parties who have been timely served with the complaint <u>must</u> prepare and file a Joint Status Report

   2. **No Defendant Filed Response; and Summons not Served on All Defendants: File a Unilateral Status Report**.  The plaintiff(s) <u>must</u> prepare and file a Unilateral Status Report in which plaintiff(s) identify any defendants not timely served and indicate the status of obtaining another summons (if relevant).

Judge Zurzolo has a <u>mandatory</u> status report format.  Failure to use this form may result in monetary sanctions and/or continuing the  status conference to require parties to prepare and file a status report properly.  A MS Word version of the form is posted on Judge Zurzolo's page of the website at <u>Honorable Vincent P. Zurzolo | Central District of California | United States Bankruptcy Court (uscourts.gov)</u>:

* Select the **ADVERSARY PROCEEDINGS tab**
* Select the form **Adversary Proceeding Status Report [LBR 7016-1]**

**b. NO:** Do not file a status report if either of the following steps have been taken no later than fourteen (14) days before a status conference:

1. <u>**Default Has Been Entered or Requested Against All Defendants**</u>:  This means:

   a. A "Notice That the Clerk Has Entered Default" has been entered against all defendants who were timely served with a summons / complaint, and who did not file a response to the complaint; or

   b. Plaintiff(s) have filed a request for entry of default against each non-responding defendant using LBR form F 7055-1.REQ.ENTER.DEFAULT found in The Central Guide: Adversary Proceedings: DEFAULT: Request for Clerk to Enter Default | Central District of California | United States Bankruptcy Court (uscourts.gov), and are waiting for a "Notice that the Clerk has Entered Default" to be entered for each non-responding defendant.

2. <u>**Default Has Been Entered on All Defendant, and a Motion for Default Judgment Has Been Filed and Set for Hearing**</u>:  This means a "Notice that the Clerk has Entered Default" has been entered against all defendants, AND plaintiff(s) filed a motion for default judgment and set the motion for hearing.  A calendar of available dates to hear a motion for default judgment is available on Judge Zurzolo's page of the website at Honorable Vincent P. Zurzolo | Central District of California | United States Bankruptcy Court (uscourts.gov):

:

   * Select the **Self-Calendaring** TAB and scroll through to locate the calendar of dates.
   * Select **the year that is correct**
   * Identify an available **Tuesday @ 11:00 a.m.** which allows time for proper service of the motion
   * Put that date in the caption of the Notice of Motion for Default Judgment

## F.  AT THE STATUS CONFERENCE

1. <u>**Attendance in Person**</u>

   A. **REQUIRED**:        Attendance is required unless specifically waived by Judge Zurzolo in an order or by a posted tentative ruling.  If a party is represented by an attorney, the attorney required to appear is the attorney who will act as trial counsel or who is responsible for preparing for trial.  **See LBR 7016-1(a)(1).**  Corporations, partnerships and other legal entities <u>must</u> be represented by an attorney.  **See LBR 9011-2(a).**

   B. **WAIVED**: If Judge Zurzolo waives appearances, such waiver will only be stated in an <u>order</u> entered on the adversary proceeding docket, or posted as a <u>tentative ruling</u> on the court's website.  Judge Zurzolo does not permit parties to not appear at a status conference simply because parties entered into a stipulation or filed some other request to not appear.  Do not call chambers to request waiver of appearance.

C. **TELEPHONIC APPEARANCE**:  In <u>rare</u> situations, Judge Zurzolo may allow an attorney to appear by telephone.  When making a request to appear by phone, please follow Judge Zurzolo's Telephonic Appearance Instructions on his page of the court's website at <span style="color:red">Honorable Vincent P. Zurzolo | Central District of California | United States Bankruptcy Court (uscourts.gov)</span>:

<span style="color:red">* Select the **PHONE/VIDEO APPEARANCES tab**
* Review the instructions</span>

2.   <u>**Rulings to Anticipate**</u>:  Please be prepared for Judge Zurzolo to make rulings on at least the following matters:

A. **DISPUTES ABOUT CORE, JURISDICTION, ENTERING FINAL ORDER, and RIGHT TO JURY TRIAL**:  Please see section D above.

B. **DEADLINES and DATES**:  Judge Zurzolo may set deadlines to amend pleadings and join parties, complete discovery, complete mediation, and for conducting a hearing on pre-trial motions (including motions for summary judgment).

Judge Zurzolo may also set a date to conduct a pre-trial conference or continued status conference.  Judge Zurzolo rarely sets a trial date at the status conference.  If a trial is to be set, those dates usually are selected at a pre-trial conference.

C. **FUTURE PRETRIAL CONFERENCE**; **PRETRIAL STIPULATION**:  In most adversary proceedings on path for a trial, and in which Judge Zurzolo sets a date for a pretrial conference, Judge Zurzolo will order parties to prepare and file a pretrial stipulation.  The format that must be used is located on Judge Zurzolo's page of the website at <span style="color:red">Honorable Vincent P. Zurzolo | Central District of California | United States Bankruptcy Court (uscourts.gov)</span>:

<span style="color:red">* Select the **ADVERSARY PROCEEDINGS** tab
* Select the forms for models of **Model Pretrial Stipulation** and **Model Order on Pretrial Stipulation**"</span>

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robyn B Sokol<br>Leech Tishman Fuscaldo & Lampl, Inc.<br>200 S. Los Robles Avenue<br>Suite 300<br>Pasadena, CA 91101<br><br>626−796−4000<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA − LOS ANGELES

| In re:<br><br><br>Weed Cellars, Inc.<br><br><br><br>Debtor(s). | CASE NO.:  2:21−bk−18868−VZ<br><br>CHAPTER:  7<br><br><hr>ADVERSARY NUMBER: 2:23−ap−01475−VZ |
|---|---|
| Elissa D. Miller, Chapter 7 Trustee<br><br><br><br>Plaintiff(s)<br>Versus<br><br>Steven Winick<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left−hand corner of this page. The deadline to file and serve a written response is **12/22/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **February 8, 2024** |
| **Time:** | **10:30 AM** |
| **Hearing Judge:** | **Vincent P. Zurzolo** |
| **Location:** | **255 E Temple St., Crtrm 1368, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                  Page 1                                  **F 7004−1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>November 22, 2023</u>

By: <u>    "s/" Shemainee Carranza    </u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004−1.SUMMONS.ADV.PROC**

**Exhibit B, Page 50**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005−2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
Date                         Printed Name                              Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                            **F 7004−1.SUMMONS.ADV.PROC**

Exhibit C

---

# United States Bankruptcy Court
## Central District of California

### 255 East Temple Street, Los Angeles, CA 90012

| | |
|---|---|
| In re:<br>Weed Cellars, Inc.<br><br>Debtor(s). | BANKRUPTCY CASE NO.:  2:21–bk–18868–VZ<br><br>CHAPTER NO.:  7 |
| Elissa D. Miller, Chapter 7 Trustee<br><br><br>Plaintiff(s)<br>Versus<br>Steven Winick<br><br><br>Defendant(s) | ADVERSARY NO.:  2:23–ap–01475–VZ |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055–1(a)

On 1/4/24, a request was filed for the clerk to enter default against defendant(s) **Steven Winick**.

 Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: January 4, 2024

**By: Shemainee Carranza**
   **Deputy Clerk**

(Form van192–nched VAN–192) Rev. 12/2014

**10 – 8 / SC2**

# Exhibit D

Fill in this information to identify your case:

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____    Chapter    7

☐ Check if this an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Weed Cellars, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 83-1468923 |

4.  Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **927-937 N. La Cienega Blvd.**<br>**West Hollywood, CA 90069**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles**<br>County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

5.  Debtor's website (URL)     **www.weedcellars.com**

6.  Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**Exhibit D, Page 53**

Debtor    **Weed Cellars, Inc.**
_____    Case number (*if known*) _____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District _____    When _____    Case number _____

District _____    When _____    Case number _____

Debtor    **Weed Cellars, Inc.**          Case number *(if known)* _____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

  ☑ No
  ☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____      Relationship _____

District _____ When _____    Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☑ Other    **Alcohol and other assets; risk of being stolen**

**Where is the property?** _____
                    Number, Street, City, State & ZIP Code

**Is the property insured?**

☑ No

☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☑ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☑ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☑ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

---

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 3

**Exhibit D, Page 55**

Debtor   __Weed Cellars, Inc._____        Case number (*if known*)_____
         Name

<table>
<tr><td>☐ $50,001 - $100,000</td><td>☐ $10,000,001 - $50  million</td><td>☐ $1,000,000,001 - $10 billion</td></tr>
<tr><td>☐ $100,001 - $500,000</td><td>☐ $50,000,001 - $100 million</td><td>☐ $10,000,000,001 - $50 billion</td></tr>
<tr><td>☐ $500,001 - $1 million</td><td>☐ $100,000,001 - $500 million</td><td>☐ More than $50 billion</td></tr>
</table>

| Debtor | Weed Cellars, Inc. | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

▓▓▓  **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **November 23, 2021**
MM / DD / YYYY

X *Lisa DuAmarell*　　　　　　　　　　　**Lisa DuAmarell**
Signature of authorized representative of debtor　　Printed name

Title  **CEO**

**18. Signature of attorney**

X *[signature]*　　　　　　　　　　　Date  **November 23, 2021**
Signature of attorney for debtor　　　　　　　　MM / DD / YYYY

**Varand Gourjian, Esq. 205344**
Printed name

**Gourjian Law Group, PC**
Firm name

**101 N. Brand Boulevard Suite 1220**
**Glendale, CA 91203**
Number, Street, City, State & ZIP Code

Contact phone  **(818) 956-0100**　　Email address

**205344 CA**
Bar number and State

**Fill in this information to identify the case:**

Debtor name    Weed Cellars, Inc.

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)     _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■   *Schedule H: Codebtors* (Official Form 206H)
- ■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐   Amended *Schedule*
- ☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **November 23, 2021**     x _Lisa DuAmarell_

                                     Signature of individual signing on behalf of debtor

                                     **Lisa DuAmarell**
                                     Printed name

                                     **CEO**
                                     Position or relationship to debtor

Official Form 202             Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

## STATEMENT OF RELATED CASES
### INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _____ , California.

Date: **November 23, 2021**

*Lisa DuAmarell*

**Lisa DuAmarell**
Signature of Debtor 1

Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                         Page 1              **F 1015-2.1.STMT.RELATED.CASES**

**Exhibit D, Page 59**

Fill in this information to identify the case:

Debtor name __Weed Cellars, Inc.__

United States Bankruptcy Court for the: __CENTRAL DISTRICT OF CALIFORNIA__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*......................................................... $ 0.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*....................................................... $ 634,000.00

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*........................................................ $ 634,000.00

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*................... $ 0.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*.......................... $ 15,031.20

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........... +$ 1,404,658.35

4. **Total liabilities** ........................................................................
    Lines 2 + 3a + 3b           $ 1,419,689.55

**Exhibit D, Page 60**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Weed Cellars, Inc.** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

■ No. Go to Part 2.
☐ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

### Part 2: Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

**Security Deposit**
7.1. **927-937 N. La Cienega Blvd., West Hollywood, CA 90069** | **$100,000.00**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. | **$100,000.00**

### Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

11a. 90 days old or less: **9,000.00** - **0.00** = .... | **$9,000.00**
           face amount           doubtful or uncollectible accounts

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor | **Weed Cellars, Inc.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$9,000.00

**Part 4:   Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:   Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 19. | Raw materials | | | | |
| 20. | Work in progress | | | | |
| 21. | Finished goods, including goods held for resale | | | | |
| 22. | Other inventory or supplies | | | | |
| | 26,077 Cases of Wine | | $0.00 | | $350,000.00 |
| | 2,196 Cases of Spirits | | $0.00 | | $50,000.00 |
| | 18,202 Cases of Beer | | $0.00 | | $100,000.00 |

23. **Total of Part 5.**

Add lines 19 through 22.  Copy the total to line 84.

$500,000.00

24. **Is any of the property listed in Part 5 perishable?**
☐ No
■ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
■ No
☐ Yes. Book value _____ Valuation method _____ Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

Official Form 206A/B                     Schedule A/B Assets - Real and Personal Property                     page 2

| Debtor | Weed Cellars, Inc. | Case number *(If known)* |
|--------|-------------------|--------------------------|
|        | Name              |                          |

☐ No. Go to Part 8.
☑ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | Office furniture<br>Furniture at La Cienega location | $0.00 | | $15,000.00 |
| 40. | Office fixtures<br>Fixtures at La Cienega Location | $0.00 | | $10,000.00 |

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

| | $25,000.00 |
|---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☑ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:    Real property**

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Exhibit D, Page 63**

Debtor   **Weed Cellars, Inc.**
_____
Name

Case number *(If known)* _____

| | | | | |
|---|---|---|---|---|
| 55.1. | La Cienega Property
927-937 N. La
Cienega Blvd.
West Hollywood, CA
90069 | Lease | $0.00 | $0.00 |

**56.** **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

$0.00

**57.** **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No
☐ Yes

**58.** **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59.** Does the debtor have any interests in intangibles or intellectual property?

☐ No. Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of
debtor's interest
(Where available) | Valuation method used
for current value | Current value of
debtor's interest |
|---|---|---|---|
| **60.** Patents, copyrights, trademarks, and trade secrets
**Weed Cellars Trademark**
Reg 6284908 - Class 25 - US
Reg No. 6358853 - Class 35, 41, 43 - US
Reg No. IR: 1460425 - Class 25, 29, 30 - EU,
UK, Singapore, Colombia, China, Russia, India
Reg No. UK801460425 - Class 25, 29, 30 - UK | $0.00 | | Unknown |
| **Weed TM**
Reg No. 6381999 - Class 3, 5, 9, 14, 16, 18, 24,
25, 28, 29, 30, 35 - US | $0.00 | | Unknown |
| **Weed Light TM**
Reg No. UK3541614 - Class 25 - UK | $0.00 | | Unknown |
| **Weed Light (Stylized) TM**
Reg No. UK3560416 - Class 25 - UK | $0.00 | | Unknown |
| **Weed Cellars - Pending Examination TM**
App No. 88103941 - Class 29 - US
App No. 88583203 - Class 35 - US
App No. 90566517 - Class 14 - US
App No. 90598337 - Class 14, 25, 35, 41, 43 -
US
App No. 1944256-00 - Class 25, 29, 30 - Canada
App No. 90566517 - Class 14 - US | $0.00 | | Unknown |

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 4

**Exhibit D, Page 64**

| Debtor | **Weed Cellars, Inc.** | Case number *(If known)* | |
| | Name | | |

| | | | |
|---|---|---|---|
| **Weed - Pending Examination TM**<br>**App No. 88392920 - Class 21 - US**<br>**App No. 88978648 - Class 34 - US**<br>**App No. 90566528 - Class 14 - US**<br>**App No. ? - Class 18, 20, 28, 31 - US** | $0.00 | | Unknown |
| **Weed (WIPO IR) - Pending Examination TM**<br>**App No. 1571156 - Class 3, 5, 9, 14, 16, 18, 21,**<br>**24, 25, 28, 29, 30, 34, 35 - EU, UK, Singapore,**<br>**Colombia, China, Russia, India, Brazil, Canada,**<br>**Israel, Mexico** | $0.00 | | Unknown |
| **W (Stylized, Black) - Pending Examination TM**<br>**App No. 90127939 - Class 25 - US** | $0.00 | | Unknown |
| **W (Stylized, Rainbow Pride) - Pending**<br>**Examination TM**<br>**App No. 90130690 - Class 25 - US** | $0.00 | | Unknown |
| **W (Stylized, US Flag) - Pending Examination**<br>**TM**<br>**App No. 90133988 - Class 25 - US** | $0.00 | | Unknown |
| **Weed Light - Pending Examination TM**<br>**App No. 90284594 - Class 25 - US**<br>**App No. 90284581 - Class 25 - US** | $0.00 | | Unknown |
| **Happy Halloweed - Pending Examination TM**<br>**App No. 90284264 - Class 25 - US** | $0.00 | | Unknown |
| **Weed the North - Pending Examination TM**<br>**App No. Unknown - Class 25 - Canada** | $0.00 | | Unknown |

| 61. | **Internet domain names and websites**<br>**www.weedcellars.com** | $0.00 | | Unknown |
|---|---|---|---|---|
| 62. | **Licenses, franchises, and royalties**<br>**Master Licensing Agreement for Trademarks -**<br>**W Licensing LLC** | $0.00 | | Unknown |

| 63. | **Customer lists, mailing lists, or other compilations** |
|---|---|
| 64. | **Other intangibles, or intellectual property** |
| 65. | **Goodwill** |

| 66. | **Total of Part 10.** | | $0.00 |
|---|---|---|---|
| | Add lines 60 through 65. Copy the total to line 89. | | |

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
☐ No

Official Form 206A/B                Schedule A/B Assets - Real and Personal Property                page 5

Debtor __Weed Cellars, Inc._____ Case number *(If known)* _____

| | Name | |

☑ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

**All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes Fill in the information below.

| Debtor | **Weed Cellars, Inc.** | | Case number *(If known)* | |
|---|---|---|---|---|
| | Name | | | |

<div style="background:#ccc">Part 12:</div> **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $100,000.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $9,000.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $500,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $25,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.....................................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $634,000.00 + 91b. | $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $634,000.00 |

**Fill in this information to identify the case:**

Debtor name     **Weed Cellars, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

**Exhibit D, Page 68**

Fill in this information to identify the case:

Debtor name **Weed Cellars, Inc.**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
                                                                                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $15,031.20 | $15,031.20 |
| **Internal Revenue Service** | ☐ Contingent | | |
| | ☐ Unliquidated | | |
| Cincinnati, OH 45999 | ☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim: **Federal Taxes** | | |
| Last 4 digits of account number | Is the claim subject to offset? | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ☑ No    ☐ Yes | | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $72,623.00 |
| **Alamo Beer Company, LLC**<br>**202 Lamar Street**<br>**San Antonio, TX 78202** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred | Basis for the claim: **Brewing & Packaging Weed Beer** | |
| Last 4 digits of account number | Is the claim subject to offset? ☑ No  ☐ Yes | |
| **3.2** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $221.61 |
| **Athens Services**<br>**4048 E. Valley Blvd.**<br>**City of Industry, CA 90601** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| Date(s) debt was incurred | Basis for the claim: **Waste Disposal** | |
| Last 4 digits of account number | Is the claim subject to offset? ☑ No  ☐ Yes | |

**Exhibit D, Page 69**

| | | |
|---|---|---|
| Debtor | **Weed Cellars, Inc.** | Case number (if known) _____ |
| | Name | |

| 3.3 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,755.83** |
|---|---|---|---|
| | Bedford Industries, Inc.<br>1659 Rowe Avenue<br>Worthington, MN 56187 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  __Plastic Promotional Items__<br><br>Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.4 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,784.80** |
|---|---|---|---|
| | Berlin Packaging, L.L.C.<br>525 West Monroe Street, 14th Floor<br>Chicago, IL 60661 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _2131_ | Basis for the claim:  __Packaging__<br><br>Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,451.80** |
|---|---|---|---|
| | Blue Label Packaging<br>3750 Lancaster,<br>New Lexington Road SE<br>Lancaster, OH 43130 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  __Printing__<br><br>Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$11,128.73** |
|---|---|---|---|
| | Cindy Kay Models, Inc<br>2410 Wilkes Drive<br>Colleyville, TX 76034 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  __Promotion__<br><br>Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$345.79** |
|---|---|---|---|
| | CMT Agency<br>1417 Dutch Valley Place, NE<br>Suite A<br>Atlanta, GA 30324 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  __Event Planning__<br><br>Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$172,272.54** |
|---|---|---|---|
| | Cooley LLP<br>1333 2nd Street, Suite 400<br>Santa Monica, CA 90401 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  __Legal Services__<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$925.85** |
|---|---|---|---|
| | Cronbach Law Group PC<br>952 School Street, #238<br>Napa, CA 94559 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _<br>Last 4 digits of account number _ | Basis for the claim:  __Legal Services__<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

**Exhibit D, Page 70**

| Debtor | Weed Cellars, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$5,000.00** |
|---|---|---|---|

Crush Palace Corp
113 Monterey Blvd. A
Hermosa Beach, CA 90254

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Brand Promotion**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,298.23** |
|---|---|---|---|

Dane Throop

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Sales Expenses**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$10,387.11** |
|---|---|---|---|

Dunlap, Bennett & Ludwig, PLLC
424 Church Street, Suite 2000
Nashville, TN 37217

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Legal Services**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$132,661.54** |
|---|---|---|---|

EFL Container Lines LLC
2100 NW 97th Avenue,
Suite 100
Doral, FL 33172

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Shipping**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$963.57** |
|---|---|---|---|

Estave Creative
2116 Treehouse Lane
Plano, TX 75023

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Photography**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$324.60** |
|---|---|---|---|

Fedway Associates
204 East Park Drive, Suite 100
Mount Laurel, NJ 08054

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Wine Distribution**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$5,000.00** |
|---|---|---|---|

Firecracker Marketing
C/- Daigle Fisse & Kessenich
P.O. Box 5350
Covington, LA 70434-5350

Date(s) debt was incurred _

Last 4 digits of account number  1091

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Promotion**

Is the claim subject to offset? ■ No  ☐ Yes

---

**Exhibit D, Page 71**

| Debtor | **Weed Cellars, Inc.** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| **3.17** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $8,248.46 |
|---|---|---|---|

Flow Wine Group
333 W. Harrison, #350
Chicago, IL 60610

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Wine Distribution

Last 4 digits of account number _

Is the claim subject to offset? ☐ No   ☐ Yes

| **3.18** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $8,850.00 |
|---|---|---|---|

Formula Creative LLC
2020 N. Main Street, Suite 17
Los Angeles, CA 90031

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Advertising

Last 4 digits of account number  1029

Is the claim subject to offset? ■ No   ☐ Yes

| **3.19** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $23,250.00 |
|---|---|---|---|

Free Agent Media
15 Maiden Lane, Suite 1001
New York, NY 10038

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Promotion

Last 4 digits of account number _

Is the claim subject to offset? ☐ No   ☐ Yes

| **3.20** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $25,000.00 |
|---|---|---|---|

Gary Sinise Foundation
P.O. Box 368
Woodland Hills, CA 91365

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Promotion of Weed Bar

Last 4 digits of account number _

Is the claim subject to offset? ☐ No   ☐ Yes

| **3.21** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $30,327.99 |
|---|---|---|---|

Graphic Packaging International
1500 Riveredge Parkway
Atlanta, GA 30328

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Package Design

Last 4 digits of account number  2132

Is the claim subject to offset? ☐ No   ☐ Yes

| **3.22** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,177.52 |
|---|---|---|---|

Greenbar Distillery
2459 E. 8th Street
Los Angeles, CA 90021

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Alcohol Production

Last 4 digits of account number _

Is the claim subject to offset? ■ No   ☐ Yes

| **3.23** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $10.64 |
|---|---|---|---|

Horizon Beverage Co of Rhode Island

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Alcohol Distribution

Last 4 digits of account number _

Is the claim subject to offset? ■ No   ☐ Yes

| Debtor | Weed Cellars, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 3.24 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $387.66 |
|---|---|---|---|

**Horizon Beverage Company**
45 Commerce Way
Norton, MA 02766

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  Alcohol Distribution

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.25 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $74,772.51 |
|---|---|---|---|

**iHeartMedia - GA**
C/- MMG Consulting Group
800 W. 1st Street, Unit 2506
Los Angeles, CA 90012

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  3984

Basis for the claim:  Internet Advertising

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.26 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $24,975.00 |
|---|---|---|---|

**iHeartMedia+ - TX**
C/- MMG Consulting Group
800 W. 1st Street, Unit 2506
Los Angeles, CA 90012

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  Internet Advertising

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.27 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,560.00 |
|---|---|---|---|

**Keg Logistics, LLC**
P.O. Box 912908
Denver, CO 80291-2908

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  2868

Basis for the claim:  Logistics

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.28 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,631.44 |
|---|---|---|---|

**KM Tech Solutions**
81 Katrine Crescent
Kirkcaldy
KY2 6RP, United Kingdom

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  IT Services

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.29 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|---|---|---|---|

**Kobalt Music Publishing America Inc**
2 Gansevoort Street, 6th Floor
New York, NY 10014

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.30 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,033.75 |
|---|---|---|---|

**Lanter Distributing, LLC**
4719 Mountain Creek Parkway
Dallas, TX 75236

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  5657

Basis for the claim:  Distribution

Is the claim subject to offset? ■ No  ☐ Yes

---

**Exhibit D, Page 73**

Debtor **Weed Cellars, Inc.**
<span style="font-size:small">Name</span>

Case number <span style="font-style:italic">(if known)</span> _____

---

**3.31** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,187.03**
--- | --- | --- | ---

**3.31** Nonpriority creditor's name and mailing address

**Lipman Brothers, LLC**
**2815 Brick Church Pike**
**Nashville, TN 37207**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

**$3,187.03**

---

**3.32** Nonpriority creditor's name and mailing address

**Los Angeles Blade**
**8237 Blackburn Avenue, Suite 201**
**Los Angeles, CA 90048**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Advertising**

Is the claim subject to offset? ■ No ☐ Yes

**$1,350.00**

---

**3.33** Nonpriority creditor's name and mailing address

**Marshall Toplansky**
**861 S. Woodland St.**
**Orange, CA 92869**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Loan to Debtor**

Is the claim subject to offset? ■ No ☐ Yes

**$7,838.00**

---

**3.34** Nonpriority creditor's name and mailing address

**Mathia Lee**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Brand Promotion**

Is the claim subject to offset? ■ No ☐ Yes

**$500.00**

---

**3.35** Nonpriority creditor's name and mailing address

**MDM Packaging & Supplies**
**6309 Monarch Park Place,**
**Suite 201**
**Niwot, CO 80503**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Packaging**

Is the claim subject to offset? ■ No ☐ Yes

**$16,978.46**

---

**3.36** Nonpriority creditor's name and mailing address

**Monvera Glass Decor**
**1414 Harbor Way South**
**Suite 1400**
**Richmond, CA 94804**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Labelling for Products**

Is the claim subject to offset? ■ No ☐ Yes

**$1,072.18**

---

**3.37** Nonpriority creditor's name and mailing address

**Native Sons Apparel Printing**
**1519 Executive Ave.**
**Myrtle Beach, SC 29577**

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Printing for Promotional Items**

Is the claim subject to offset? ■ No ☐ Yes

**$1,277.18**

---

**Exhibit D, Page 74**

| Debtor | **Weed Cellars, Inc.** | Case number (if known) | |
|--------|------------------------|------------------------|--|
| | Name | | |

| 3.38 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $5.53 |
|------|--------|--------|--------|

**NDC - Atlanta**
1800 James Jackson NW
Atlanta, GA 30369

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Distribution for Product**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.39 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $8,135.97 |
|------|--------|--------|--------|

**NWA Logistics Group, LLC**
2111 S. 8th Street, Suite 201
Rogers, AR 72758

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Shipping**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.40 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|------|--------|--------|--------|

**Pure Wine Company**
285 83rd St.
Willowbrook, IL 60527

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.41 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $600,000.00 |
|------|--------|--------|--------|

**Radengrp, LLC**
2842 Crow King Rd
Big Sky, MT 59716

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Alcohol Production of Inventory**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.42 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $100.00 |
|------|--------|--------|--------|

**Regal Brau Brewing Company**
3255 W. Cahuenga Blvd., Unit 203
Los Angeles, CA 90068

Date(s) debt was incurred _

Last 4 digits of account number _

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Brewing**

Is the claim subject to offset? ☐ No  ☐ Yes

---

| 3.43 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $256.61 |
|------|--------|--------|--------|

**RNDC**
P.O. Box 37100
Louisville, KY 40233-7100

Date(s) debt was incurred _

Last 4 digits of account number  **YLOU**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

| 3.44 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Unknown |
|------|--------|--------|--------|

**RNDC**

Date(s) debt was incurred _

Last 4 digits of account number  **3801**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No  ☐ Yes

---

**Exhibit D, Page 75**

Debtor **Weed Cellars, Inc.**
Name

Case number (if known) _____

| | |
|---|---|
| **3.45** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* |
| RNDC<br>402 S. 54th Place<br>Phoenix, AZ 85034 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$857.50** |

Date(s) debt was incurred _

Last 4 digits of account number **523W**

Basis for the claim: _

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.46** Nonpriority creditor's name and mailing address

RNDC
441 SW 12th Avenue
Deerfield Beach, FL 33442

Date(s) debt was incurred _

Last 4 digits of account number **CCOL**

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$414.50**

Basis for the claim: _

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.47** Nonpriority creditor's name and mailing address

Scotlynn USA Division, Inc.

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$18,900.00**

Basis for the claim: **Shipping**

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.48** Nonpriority creditor's name and mailing address

Shandong United Mebong Imp & Exp Co
Shandong Jining Yanzhou
Yanzhou 27210

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$68,400.00**

Basis for the claim: **Glass Bottles for Wibe**

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.49** Nonpriority creditor's name and mailing address

SLS Freight LLC
1761 3rd Street, Suite 201
Norco, CA 92860

Date(s) debt was incurred _

Last 4 digits of account number **1157**

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,626.97**

Basis for the claim: **Shipping**

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.50** Nonpriority creditor's name and mailing address

Southern Warehousing & Distribution
3232 N PanAm Expy
San Antonio, TX 78219

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,072.00**

Basis for the claim: **Distribution**

Is the claim subject to offset? ☒ No ☐ Yes

---

**3.51** Nonpriority creditor's name and mailing address

Stage One, LLC
73 Taaffle Pl.
Brooklyn, NY 11205

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,575.00**

Basis for the claim: **Financial Services**

Is the claim subject to offset? ☒ No ☐ Yes

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

**Schedule E/F: Creditors Who Have Unsecured Claims**

Best Case Bankruptcy

**Exhibit D, Page 76**

| Debtor | Weed Cellars, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.52 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $127.50 |
|---|---|---|---|

**3.52** Nonpriority creditor's name and mailing address
Standard Beverage
14415 West 106th St.
Lenexa, KS 66215

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Distribution of Product__

Is the claim subject to offset? ☑ No ☐ Yes

$127.50

---

**3.53** Nonpriority creditor's name and mailing address
Tasting Panel Magazine, Inc.
1129 Northern Blvd., #312
Manhasset, NY 11030

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

Unknown

---

**3.54** Nonpriority creditor's name and mailing address
Texas Alcoholic Beverage Commission
5806 Mesa Dr.
Austin, TX 78731

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

Unknown

---

**3.55** Nonpriority creditor's name and mailing address
The SOMM Journal, LLC

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Advertising__

Is the claim subject to offset? ☑ No ☐ Yes

$5,000.00

---

**3.56** Nonpriority creditor's name and mailing address
United-Johnson Brothers of Alabama
6000 Greenwood Pkwy, Suite 100
Bessemer, AL 35022

Date(s) debt was incurred _
Last 4 digits of account number __7331__

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

$10.82

---

**3.57** Nonpriority creditor's name and mailing address
USA Today Network Tennessee

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _

Is the claim subject to offset? ☑ No ☐ Yes

Unknown

---

**3.58** Nonpriority creditor's name and mailing address
Victory International Logistics Co.
174 Lawerance Dr., Ste A
Livermore, CA 94551

Date(s) debt was incurred _
Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Shipping__

Is the claim subject to offset? ☑ No ☐ Yes

$11,800.00

---

**Exhibit D, Page 77**

| Debtor | **Weed Cellars, Inc.** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 3.59 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,032.00 |
|---|---|---|---|
| | **Victory Packaging Inc.**<br>6817 E Acco Street<br>Los Angeles, CA 90040 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim:  Packaging | |
| | | Is the claim subject to offset? ☐ No  ☐ Yes | |

| 3.60 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $668.48 |
|---|---|---|---|
| | **Vinocopia, Inc.**<br>6636 Cedar Ave.<br>Minneapolis, MN 55423 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim:  Importation of Wine | |
| | | Is the claim subject to offset? ■ No  ☐ Yes | |

| 3.61 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $12,960.00 |
|---|---|---|---|
| | **VT Info Processing, Inc**<br>402 Water Tower Circle<br>Colchester, VT 05446 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim:  Sales Reporting | |
| | | Is the claim subject to offset? ■ No  ☐ Yes | |

| 3.62 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $2,800.00 |
|---|---|---|---|
| | **Ward and Smith, P.A.**<br>82 Patton Ave., Ste 300<br>Asheville, NC 28801 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim:  Legal Services | |
| | | Is the claim subject to offset? ■ No  ☐ Yes | |

| 3.63 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $15,342.65 |
|---|---|---|---|
| | **Westvoy Enterprises**<br>8330 Lyndon B Johnson Frway, # 365<br>Dallas, TX 75243 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim:  Promotional Marketing | |
| | | Is the claim subject to offset? ■ No  ☐ Yes | |

| 3.64 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown |
|---|---|---|---|
| | **Whiskies of the World LLC** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | | |
| | Last 4 digits of account number _ | Basis for the claim: _ | |
| | | Is the claim subject to offset? ■ No  ☐ Yes | |

## Part 3:  List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4:  Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

Total of claim amounts

**Exhibit D, Page 78**

Debtor   **Weed Cellars, Inc.**
_____
Name

Case number (if known) _____

| | |
|---|---|
| 5a. Total claims from Part 1 | |
| 5b. Total claims from Part 2 | |

| | | |
|---|---|---|
| 5a. | $ | 15,031.20 |
| 5b. + | $ | 1,404,658.35 |

5c. Total of Parts 1 and 2
    Lines 5a + 5b = 5c.

| | | |
|---|---|---|
| 5c. | $ | 1,419,689.55 |

Fill in this information to identify the case:

Debtor name   **Weed Cellars, Inc.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

 ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

 ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Commercial Lease for Weed Lounge** | |
|---|---|---|---|
| | State the term remaining | **Expires: 07/2022** | |
| | List the contract number of any government contract | | **The LaCienega Group 927-937 N. La Cienega Blvd., West Hollywood, CA 90069** |

| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Master Licensing Agreement for trademarks W Licensing, LLC Expires 07/01/2026** | |
|---|---|---|---|
| | State the term remaining | | |
| | List the contract number of any government contract | | **W. Licensing LLC 123 E. 35th Street, Los Angeles, CA 90011** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

**Exhibit D, Page 80**

Fill in this information to identify the case:

Debtor name  **Weed Cellars, Inc.**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: **Codebtor**

Column 2: **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Victoria Toplansky** | **861 S. Woodland Street Orange, CA 92869** | **The LaCienega Group** | ☐ D _____<br>☐ E/F _____<br>■ G **2.1** |

**Exhibit D, Page 81**

**Fill in this information to identify the case:**

Debtor name    Weed Cellars, Inc.

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:   Income

**1. Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2021** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | $972,522.69 |
| **For prior year:**<br>From  **1/01/2020** to **12/31/2020** | ■ Operating a business<br>☐ Other _____ | $150,000.00 |
| **For year before that:**<br>From  **1/01/2019** to **12/31/2019** | ■ Operating a business<br>☐ Other _____ | $0.00 |

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

### Part 2:   List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Official Form 207        Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy        page 1

Debtor    **Weed Cellars, Inc.**                                          Case number *(if known)*

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

## Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

   ■ None

**Exhibit D, Page 83**

Debtor    **Weed Cellars, Inc.**                                    Case number *(if known)*

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

---

| Part 6: | Certain Payments or Transfers |
|---|---|

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Gourjian Law Group, P.C.<br>101 N. Brand Blvd., Ste. 1220<br>Glendale, CA 91203 | | 11/21/2021 | $7,500.00 |
| | Email or website address<br>www.gourjianlaw.com | | | |
| | Who made the payment, if not debtor?<br>Marshall Toplansky | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy<br>From-To |
|---|---|---|
| 14.1. | 438 Houston Street, Suite 267<br>Nashville, TN 37204 | 2019 - Present |

| Part 8: | Health Care Bankruptcies |
|---|---|

**Exhibit D, Page 84**

Debtor   **Weed Cellars, Inc.**                                                                 Case number *(if known)*

---

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ▪ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

    | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
    |---|---|---|

**Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ▪ No.
    ☐ Yes. State the nature of the information collected and retained.

17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

    ▪ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Wells Fargo Bank, N.A.<br>P.O. Box 54780<br>Los Angeles, CA 90054-0780 | XXXX-2232 | ▪ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | | $0.00 |

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ▪ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

---

Debtor    **Weed Cellars, Inc.**

Case number *(if known)*

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| Public Storage<br>6840 Santa Monica Blvd.<br>Los Angeles, CA 90038 | Victoria Toplansky<br>816 S. Woodland Street,<br>Orange, CA 92869 | Marketing Materials | ☐ No<br>■ Yes |

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

---

Official Form 207                Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                page 5

Debtor    **Weed Cellars, Inc.**                                              Case number *(if known)*

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1. **W. Licensing LLC**<br>**123 E. 35th Street,**<br>**Los Angeles, CA 90011** | **Licensing Company for weed**<br>**Trademarks**<br>**Debtor Owns 50% of LLC** | Dates business existed<br>EIN:<br>From-To **07/01/2021** |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

**Name and address**

| 26a.1. | **William Gundlach**<br>**2548 Waukegan Road, #203**<br>**Bannockburn, IL 60015** | Date of service<br>From-To<br>**01/01/2021 to**<br>**08/01/2021** |
|---|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

**Name and address**

| 26b.1. | **William Gundlach**<br>**2548 Waukegan Road, #203**<br>**Bannockburn, IL 60015** | Date of service<br>From-To<br>**01/01/2021 to**<br>**08/01/2021** |
|---|---|---|

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

**Name and address**

|  |  | If any books of account and records are<br>unavailable, explain why |
|---|---|---|
| 26c.1. | **William Gundlach**<br>**2548 Waukegan Road, #203**<br>**Deerfield, IL 60015** | |
| 26c.2. | **Hunter Sasser-Oetinger**<br>**huntersasser@gmail.com** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

**Name and address**

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the<br>inventory | Date of inventory | The dollar amount and basis (cost, market,<br>or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

Official Form 207                        Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                        page 6

**Exhibit D, Page 87**

Debtor    **Weed Cellars, Inc.**

Case number (if known) _____

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|----------------------|
| Lisa DuAmarell | 927-937 N. La Cienega Blvd. West Hollywood, CA 90069 | Director & Interim CEO | 0.571% |
| Marshall Toplansky | 818 S. Woodland Street Orange, CA 92869 | Director | 0% |
| Victoria Toplansky | 818 S. Woodland Street Orange, CA 92869 | Shareholder (13.8% held through trust; 39.5% held through R-Green Ag, Inc. | 53% |
| Richard K. Steele | 927-937 N. La Cienega Blvd. West Hollywood, CA 90069 | Founder | 0% |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| Randall Ussery | | Director | |
| Robert Beckham | | Director & Chairman | |
| Edward Akopyan | | Director & Interim CEO | |
| Joseph Curtis | | CEO | |
| Hunter Sasser-Oetinger | | CEO | |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

**Exhibit D, Page 88**

Debtor    Weed Cellars, Inc.

Case number *(if known)*

☐ No

■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | This loan was never authorized by the Board. It was approved by Randall Ussery. |
| | Robert Beckham | $450,000.00 loan | 04/2020 | |
| | Relationship to debtor Former Director | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

   ■ No

   ☐ Yes. Identify below.

Name of the parent corporation             Employer Identification number of the parent corporation

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

   ■ No

   ☐ Yes. Identify below.

Name of the pension fund             Employer Identification number of the parent corporation

---

**Part 14:**   Signature and Declaration

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    November 23, 2021

*Lisa DuAmarell*            Lisa DuAmarell

Signature of individual signing on behalf of the debtor    Printed name

Position or relationship to debtor    CEO

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

■ No

☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Central District of California

In re    **Weed Cellars, Inc.**

_____

Debtor(s)

Case No. _____

Chapter    7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 7,500.00 |
| Prior to the filing of this statement I have received | $ | 7,500.00 |
| Balance Due | $ | 0.00 |

2.    $ **338.00** of the filing fee has been paid.

3.    The source of the compensation paid to me was:

     ☐ Debtor    ☒ Other (specify):    **Marshall Toplansky**

4.    The source of compensation to be paid to me is:

     ☐ Debtor    ☒ Other (specify):    **Marshall Toplansky**

5.    ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   [Other provisions as needed]

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**November 23, 2021**
_____
Date

_____
Signature of Attorney
Varand Gourjian, Esq. 205344
Gourjian Law Group, PC
101 N. Brand Boulevard Suite 1220
Glendale, CA 91203
(818) 956-0100 Fax: (818) 956-0123
_____
Name of law firm

---

**Exhibit D, Page 90**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Varand Gourjian, Esq. 205344<br>101 N. Brand Boulevard Suite 1220<br>Glendale, CA 91203<br>(818) 956-0100 Fax: (818) 956-0123<br>California State Bar Number: 205344 CA | |

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

       **Weed Cellars, Inc.**

CASE NO.:

CHAPTER: **7**

### VERIFICATION OF MASTER
### MAILING LIST OF CREDITORS

**[LBR 1007-1(a)]**

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __**10**__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **November 23, 2021** _____

_____
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **November 23, 2021** _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*

**F 1007-1.MAILING.LIST.VERIFICATION**

**Exhibit D, Page 91**

Weed Cellars, Inc.
927-937 N. La Cienega Blvd.
West Hollywood, CA 90069


Varand Gourjian, Esq.
Gourjian Law Group, PC
101 N. Brand Boulevard Suite 1220
Glendale, CA 91203


Office of the United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Alamo Beer Company, LLC
202 Lamar Street
San Antonio, TX 78202


Athens Services
4048 E. Valley Blvd.
City of Industry, CA 90601


Bedford Industries, Inc.
1659 Rowe Avenue
Worthington, MN 56187


Berlin Packaging, L.L.C.
525 West Monroe Street, 14th Floor
Chicago, IL 60661


Blue Label Packaging
3750 Lancaster,
New Lexington Road SE
Lancaster, OH 43130


Cindy Kay Models, Inc
2410 Wilkes Drive
Colleyville, TX 76034


CMT Agency
1417 Dutch Valley Place, NE
Suite A
Atlanta, GA 30324


Cooley LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401

Cronbach Law Group PC
952 School Street, #238
Napa, CA 94559


Crush Palace Corp
113 Monterey Blvd. A
Hermosa Beach, CA 90254


Dane Throop


Dunlap, Bennett & Ludwig, PLLC
424 Church Street, Suite 2000
Nashville, TN 37217


EFL Container Lines LLC
2100 NW 97th Avenue,
Suite 100
Doral, FL 33172


Estave Creative
2116 Treehouse Lane
Plano, TX 75023


Fedway Associates
204 East Park Drive, Suite 100
Mount Laurel, NJ 08054


Firecracker Marketing
C/- Daigle Fisse & Kessenich
P.O. Box 5350
Covington, LA 70434-5350

Flow Wine Group
333 W. North Avenue, #350
Chicago, IL 60610


Formula Creative LLC
2020 N. Main Street, Suite 17
Los Angeles, CA 90031


Free Agent Media
15 Maiden Lane, Suite 1001
New York, NY 10038


Gary Sinise Foundation
P.O. Box 368
Woodland Hills, CA 91365


Graphic Packaging International
1500 Riveredge Parkway
Atlanta, GA 30328


Greenbar Distillery
2459 E. 8th Street
Los Angeles, CA 90021


Horizon Beverage Co of Rhode Island


Horizon Beverage Company
45 Commerce Way
Norton, MA 02766

iHeartMedia - GA
C/- MMG Consulting Group
800 W. 1st Street, Unit 2506
Los Angeles, CA 90012


iHeartMedia+ - TX
C/- MMG Consulting Group
800 W. 1st Street, Unit 2506
Los Angeles, CA 90012


Internal Revenue Service
Cincinnati, OH 45999


Keg Logistics, LLC
P.O. Box 912908
Denver, CO 80291-2908


KM Tech Solutions
81 Katrine Crescent
Kirkcaldy
KY2 6RP, United Kingdom


Kobalt Music Publishing America Inc
2 Gansevoort Street, 6th Floor
New York, NY 10014


Lanter Distributing, LLC
4719 Mountain Creek Parkway
Dallas, TX 75236


Lipman Brothers, LLC
2815 Brick Church Pike
Nashville, TN 37207

Los Angeles Blade
8237 Blackburn Avenue, Suite 201
Los Angeles, CA 90048


Marshall Toplansky
861 S. Woodland St.
Orange, CA 92869


Mathia Lee


MDM Packaging & Supplies
6309 Monarch Park Place,
Suite 201
Niwot, CO 80503


Monvera Glass Decor
1414 Harbor Way South
Suite 1400
Richmond, CA 94804


Native Sons Apparel Printing
1519 Executive Ave.
Myrtle Beach, SC 29577


NDC - Atlanta
1800 James Jackson NW
Atlanta, GA 30369


NWA Logistics Group, LLC
2111 S. 8th Street, Suite 201
Rogers, AR 72758

Pure Wine Company
285 83rd St.
Willowbrook, IL 60527


Radengrp, LLC
2842 Crow King Rd
Big Sky, MT 59716


Regal Brau Brewing Company
3255 W. Cahuenga Blvd., Unit 203
Los Angeles, CA 90068


RNDC
P.O. Box 37100
Louisville, KY 40233-7100


RNDC


RNDC
402 S. 54th Place
Phoenix, AZ 85034


RNDC
441 SW 12th Avenue
Deerfield Beach, FL 33442


Scotlynn USA Division, Inc.

Shandong United Mebong Imp & Exp Co
Shandong Jining Yanzhou
 Yanzhou 27210


SLS Freight LLC
1761 3rd Street, Suite 201
Norco, CA 92860


Southern Warehousing & Distribution
3232 N PanAm Expy
San Antonio, TX 78219


Stage One, LLC
73 Taaffle Pl.
Brooklyn, NY 11205


Standard Beverage
14415 West 106th St.
Lenexa, KS 66215


Tasting Panel Magazine, Inc.
1129 Northern Blvd., #312
Manhasset, NY 11030


Texas Alcoholic Beverage Commission
5806 Mesa Dr.
Austin, TX 78731


The LaCienega Group
927-937 N. La Cienega Blvd.,
West Hollywood, CA 90069

The SOMM Journal, LLC


United-Johnson Brothers of Alabama
6000 Greenwood Pkwy, Suite 100
Bessemer, AL 35022


USA Today Network Tennessee


Victoria Toplansky
861 S. Woodland Street
Orange, CA 92869


Victory International Logistics Co.
174 Lawerance Dr., Ste A
Livermore, CA 94551


Victory Packaging Inc.
6817 E Acco Street
Los Angeles, CA 90040


Vinocopia, Inc.
6636 Cedar Ave.
Minneapolis, MN 55423


VT Info Processing, Inc
402 Water Tower Circle
Colchester, VT 05446

W. Licensing LLC
123 E. 35th Street,
Los Angeles, CA 90011


Ward and Smith, P.A.
82 Patton Ave., Ste 300
Asheville, NC 28801


Westvoy Enterprises
8330 Lyndon B Johnson Frway, # 365
Dallas, TX 75243


Whiskies of the World LLC

Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address

**Varand Gourjian, Esq. 205344**
**101 N. Brand Boulevard Suite 1220**
**Glendale, CA 91203**
**(818) 956-0100 Fax: (818) 956-0123**
California State Bar Number: **205344 CA**

FOR COURT USE ONLY

■ Attorney for:

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Weed Cellars, Inc.**

Debtor(s),

Plaintiff(s),

Defendant(s).

CASE NO.:
ADVERSARY NO.:
CHAPTER:  **7**

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO  FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

[No hearing]

Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.

I,   **Varand Gourjian, Esq. 205344**                     , the undersigned in the above-captioned case, hereby declare
        *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                                F 1007-4.CORP.OWNERSHIP.STMT

Exhibit D, Page 102

[Check the appropriate boxes and, if applicable, provide the required information.]

1.     I have personal knowledge of the matters set forth in this Statement because:
       ☐ I am the president or other officer or an authorized agent of the Debtor corporation
       ☐ I am a party to an adversary proceeding
       ☐ I am a party to a contested matter
       ■ I am the attorney for the Debtor corporation

2.a.   ■ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any
       class of the corporation's(s') equity interests:
       See Addendum

b.    ☐ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

__November 23, 2021_____
Date

By: _____
       Signature of Debtor, or attorney for Debtor

Name:  __Varand Gourjian, Esq. 205344__
       Printed name of Debtor, or attorney for
       Debtor

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                        **F 1007-4.CORP.OWNERSHIP.STMT**

**Exhibit D, Page 103**

## Addendum to Corporate Ownership Statement Pursuant to
## F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

R-Green Ag, Inc.
818 S. Woodland Street
Orange, CA 92869

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                    F 1007-4.CORP.OWNERSHIP.STMT

**Exhibit D, Page 104**

Exhibit E

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of _____ California _____

In re  Weed Cellars, Inc.
_____
            Debtor

Case No.  2:21-bk-18868-ER

_(Complete if issued in an adversary proceeding)_

Chapter ____ 7 ____

_____
            Plaintiff
                 v.

Adv. Proc. No. _____

_____
            Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Custodian of Records of Wells Fargo Bank
_____
                 _(Name of person to whom the subpoena is directed)_

■ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: Please see Attachment "A".

| PLACE<br>Leech Tishman  200 S. Los Robles Avenue, Suite 300 Pasadena, CA 91101 | DATE AND TIME<br>06/12/23 |
|---|---|

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are
attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a
subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not
doing so.

Date:  05/12/23

                 CLERK OF COURT

                                                OR        _/s/_

_____                         _____
_Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

Robyn B. Sokol

The name, address, email address, and telephone number of the attorney representing _(name of party)_
Elissa D. Miller, Ch. 7 Trustee , who issues or requests this subpoena, are:
Leech Tishman Fuscaldo & Lampl, Inc. 200 S. Los Robles Ave., Suite 300 Pasadena, CA 91101; rsokol@leechtishman.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the
inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on
the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Attachment "A"**

1.      All account statements, checks, wire transfers, payments and all other documents related to any account in the name of Weed Cellars, Inc., including but not limited to the following accounts from the period of January 2019 to the present:

      a)  Navigate Business Checking Account #5810508803

      b)  Navigate Business Checking Account #8355832232

      c)  Navigate Business Checking Account #3818174694

2.      All account statements, checks, wire transfers, payments and other documents related to any account in the name of Weed Cellars, Inc., Federal Employer Identification No. 83-1468923, from January 1, 2019 to present.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

■ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Exhibit F

**WELLS FARGO**

# BUSINESS RECORDS DECLARATION

I, Vanessa Bradley, am over the age of eighteen and I declare that I am employed by Wells Fargo Bank, N.A. ("Wells Fargo") in the Summons and Subpoenas Department and am a duly authorized and qualified witness to certify the authenticity of the attached documents and/or information produced pursuant to the legal order.  Wells Fargo reserves the right to designate another Custodian as it deems appropriate in the event an actual appearance is required concerning the records produced.   I certify that the attached records:

A)   Were prepared by personnel of Wells Fargo in the ordinary course of business at or near the time of the acts, conditions or events described in the records; and

B)   It was the ordinary course of business for Wells Fargo employees or representatives with knowledge of the act, event, or condition recorded to make the record or transmit the information therein to be included in such record.

C)   The records attached are true and correct copies of the business records as maintained by Wells Fargo.

**The records produced are described as follows:**

Case number: 28077132

| Document Type | Account # | Paper Count | Total Copies |
|---|---|---:|---:|
| Deposits with offsets | XXXXXX2232 | 142 | 142 |
| Signature Cards | XXXXXX2232 | 11 | 11 |
| Statements | XXXXXX2232 | 199 | 199 |
| Checks/Debits | XXXXXX2232 | 1,239 | 1,239 |
| Statements | XXXXXX7027 | 47 | 47 |
| Wire Automated | XXXXXX8803 | 49 | 49 |
| Signature Cards | XXXXXX7027 | 8 | 8 |
| Deposits with offsets | XXXXXX8803 | 35 | 35 |
| Checks/Debits | XXXXXX7027 | 17 | 17 |
| Wire Automated | XXXXXX7027 | 0 | 0 |
| Unable to locate records with the information provided. | | | |
| Checks/Debits | XXXXXX8803 | 6 | 6 |
| Deposits with offsets | XXXXXX7027 | 3 | 3 |
| Wire Automated | XXXXXX2232 | 151 | 151 |
| Statements | XXXXXX4694 | 93 | 93 |
| Checks/Debits | XXXXXX4694 | 2 | 2 |
| Statements | XXXXXX8803 | 60 | 60 |
| XCC Statements | XXXXXXXXXXXX4528 | 8 | 8 |
| XCC Statements | XXXXXXXXXXXX3292 | 4 | 4 |
| Signature Cards | XXXXXX4694 | 19 | 19 |
| XCC Payment Items | XXXXXXXXXXXX3292 | 0 | 0 |
| Note to Client Unable to locate Payment Items for account ending (3292) within time frame requested. | | | |
| Signature Cards | XXXXXX8803 | 12 | 12 |

Case No: 28077132; Agency Case No: 221bk18868ER

| | | | |
|---|---|---|---|
| Deposits with offsets | XXXXXX4694 | 8 | 8 |
| XCC Payment Items | XXXXXXXXXXX4528 | 0 | 0 |
| Information for account ending (4528) | | | |
| Date 12/14/2020 Amount 1,115.20 Routing number 54489999 Account number 4856200259634528 Online payment | | | |
| Wire Automated | XXXXXX4694 | 8 | 8 |
| | **Total Copies Delivered:** | | **2,121** |

**Additional comments:**

The bank's standard record retention period is seven years.

I declare under penalty of perjury under the law(s) of the state of California that the foregoing is true and correct according to my knowledge and belief.   Executed on this 14th day of June, 2023, in the City of Tempe, State of ARIZONA.

*Vanen Bradley*

Subpoena Processing Representative

Image copies of requested transactions may be missing for the following reasons:  Items not imaged, corrupted, blank, damaged, destroyed or not available, item(s) piggy-backed, electronic transaction(s).  If the legal order requests certain types of loan information and other non-depository information, it was forwarded to other departments and they will respond to you directly.

# Exhibit G



October 16, 2023

<div align="right">Robyn B. Sokol
rsokol@leechtishman.com</div>

**<u>VIA FIRST-CLASS MAIL and EMAIL</u>**

Steven Winick
11596 Pamplona Blvd.
Boyton Beach, FL 33437-4076

L1789@AOL.COM
SWINICK1@GMAIL.COM
SL1789@AOL.COM

**Re:    In re Weed Cellars, Inc., Bankruptcy Case No. 2:21-bk-18868-VZ**

Dear Mr. Winick:

Our office represents Elissa D. Miller, the duly appointed and acting chapter 7 trustee ("**Trustee**") in the bankruptcy case of Weed Cellars, Inc. ("**Debtor**").  On November 23, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, commencing the above-referenced bankruptcy case.

As a fiduciary for the Debtor's estate, the Trustee is obligated to investigate the financial affairs of the Debtor, its assets and liabilities, among other things.  During this investigation, we learned that you received loans from the Debtor totaling $37,000 during the period of August 12, 2019 through July 8, 2020 that were never paid back to the Debtor.  Attached hereto are the checks and wire transfer evidencing the loans.  While the Debtor made numerous payments to you by check and some by wire such disbursements were for *inter alia* "expenses," "consulting fees," "marketing," and "reimbursements."  The disbursements at issue all indicate in the check and wire memos "Loan."  Attached hereto is the backup documentation.

By this letter, the Trustee is requesting that you return the funds that were loaned by the Debtor to you immediately.

Please advise when you are available to "meet and confer" in an effort to resolve this claim and the repayment of the loans made by the Debtor on or before **October 27, 2023**.

Steven Winick
October 16, 2023
Page 2

      If we do not hear from you by **October 27, 2023**, we will assume that you do not intend to return the loaned funds and will proceed accordingly.  It is, however, our preference to attempt to resolve these claims without the need for legal action.

                 Very truly yours,

                 LEECH TISHMAN FUSCALDO & LAMPL, INC.
                 A Professional Law Corporation

                 Robyn B. Sokol

Attachment (1)

WWW.LEECHTISHMAN.COM

4893-3899-8406, v. 1

Attachment



REQUEST 00000000008976328    1500.00
20190826 000003040340565+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038



REQUEST 00000000008976328    5000.00
20190927 000002247114533+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038





REQUEST 00000000008976328    5000.00
20191004 000002247114771+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038



REQUEST 00000000008976328    3000.00
20191029 000022248815871+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038



REQUEST 00000000008976328    5000.00
20191030 000001681512653+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038



REQUEST 00000000008976328    1500.00
20191105 000002342900751+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

**WEED CELLARS, INC.**
927 N LA CIENEGA BLVD
LOS ANGELES, CA 90069

2293

16-24/1220 4419

DATE 7/7/20

PAY TO THE ORDER OF _Steve Winick_                    $ 6,000 00

_Six thousand dollars_                    DOLLARS

Wells Fargo Bank, N.A.
California
wellsfargo.com

FOR _Loan._

⑈000000 2293⑈ ⑈⑈1 2200 247⑈: 8355832232⑈

2043408931

REQUEST 00000000008976328    6000.00
20200708 000002043408931+
ACCT 000008355832232+
REQUESTOR VANESSA.J.BRADLEY
28077132  06/12/2023 Research 28077360

Summons and Subpoenas Department
S4001-01F
Phoenix AZ 85038

## Wire Full Transaction Report

| | |
|---|---|
| **Channel Reference Number (SNDR REF NUM):** 0000799224572885 | **Transaction Type (TYP):** FTR |
| **Original Channel (SRC):** FT1 | **Post Date:** 8/12/2019 1:25:12 PM |
| **Unique Transaction ID:** 2019081200109886 | **ADV:** FED |
| **Debit Amount (AMT):** 10000 | **Credit Amount (AMT):** 10000 |
| **Debit Currency (CUR):** USD | **Credit Currency (CUR):** USD |
| **Debit Account (DBT):** 000008355832232 | **Credit Account (CDT):** 026009593 |
| **Debit Value Date (DEBIT VAL):** 8/12/2019 12:00:00 AM | **Credit Value Date (CREDIT VAL):** 8/12/2019 12:00:00 AM |

### Wire Transaction Bank Details

| Data Type: | DEBIT ADDRESS | CREDIT ADDRESS | BENEFICIARY |
|---|---|---|---|
| Bank ID: | | | |
| Bank Code: | 121042882 | 121042882 | |
| Account ID: | 000008355832232 | 026009593 | 898108155344 |
| Bank Name: | WEED CELLARS, INC. | BANK OF AMERICA, NEW YORK, NY | Steve Winick |
| Address: | 816 S WOODLAND ST ORANGE, CA 92869 -5229 | 100, 33RD STREET WEST NEW YORK NY 10001 | 11596 Pamplona Blvd Boynton Beach,FL,US |
| Details: | | Loan | |

**Page 17 of 151**

# Exhibit H

1   ROBYN B. SOKOL – State Bar No. 159506
    LEECH TISHMAN FUSCALDO & LAMPL, INC.
2   200 S. Los Robles, Suite 300
    Pasadena, CA  91101
3   Telephone:  (626) 796-4000
    Facsimile:   (626) 795-6321
4   Email:      rsokol@leechtishman.com

5   Attorneys for Elissa D. Miller, Chapter 7 Trustee

6

7                    UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

                         LOS ANGELES DIVISION
9

10  In re                                    Case No. 2:21-bk-18868-VZ

11  WEED CELLARS, INC.,                      Adv. Case No. 2:23-ap-01475-VZ

12              Debtor.                      Chapter 7

13  _____         **[PROPOSED] DEFAULT JUDGMENT
                                             UNDER LOCAL BANKRUPTCY RULE
14  ELISSA D. MILLER, CHAPTER 7 TRUSTEE,     9055-1**

                Plaintiff,
15  v.                                       Date:   April 23, 2024
                                             Time:   11:00 a.m.
16  STEVEN WINICK,                           Place:  United States Bankruptcy Court
                                                     Courtroom 1368
17              Defendant.                            255 East Temple Street
                                                     Los Angeles, CA 90012
18

19

20          The Court, having considered the *Motion for Default Judgment Under Local Bankruptcy*

21  *Rule 9055-1* (the "**Motion**") against Steven Winick ("**Defendant**"), filed by Plaintiff, Elissa D.

22  Miller, the duly appointed and acting Chapter 7 Trustee for Weed Cellars, Inc. ("**Plaintiff**"), the

23  memorandum of points and authorities, supporting declarations and exhibits, and all files and

24  records on file in this case, and it appearing that the Defendant was properly served with the

25  *Complaint for (1) Avoidance of Fraudulent Transfers and Recovery for the Estate  Pursuant*

26  *to 11 U.S.C. §§ 544, 550 and Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07; (2) Open  Book*

27  *Account; (3) Account Stated; and (4) Money Had and Received* and Summons herein, and that

28

1    the Motion and *Notice of Motion for Plaintiff's Motion for Default Judgment* were duly served on all

2    interested parties, and good cause appearing therefor:

3         **IT IS HEREBY ORDERED THAT**:

4         1.       The Motion is granted in its entirety;

5         2.       Judgment shall be entered against Defendant in the amount of $37,000 for the

6    benefit of the estate of Weed Cellar, Inc.;

7         3.       Plaintiff shall recover from Defendant the sum of $37,000, legal fees in accordance

8    with Local Bankruptcy Rule 7055-1(b)(4) in the amount of $2,820.00 plus interest at the federal

9    judgment rate from the date of each of the transfers made by Weed Cellar, Inc. to the Defendant until

10   the date this judgment is satisfied plus.

11

12        **IT IS SO ORDERED.**

13

14                                        # # #

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**Exhibit H, Page 123**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**200 S. Los Robles Avenue, Suite 300, Pasadena, CA 91101.**

A true and correct copy of the foregoing document entitled: **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DECLARATIONS OF ELISSA D. MILLER AND ROBYN B. SOKOL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 1, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Elissa Miller (TR)**   CA71@ecfcbis.com, MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Robyn B Sokol**   rsokol@leechtishman.com, rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **April 1, 2024,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Steven Winick
11596 Pamplona Blvd.
Boyton Beach, FL 33437-4076

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 1, 2024 | Matthew Mocciaro | /s/ Matthew Mocciaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4890-0717-6596, v. 1

**F 9013-3.1.PROOF.SERVICE**